STEWART *v* MICHIGAN BELL TELEPHONE CO

1. LIMITATION OF ACTIONS—TOLLING—PREVIOUS ACTION—DISMISSAL WITHOUT PREJUDICE.

A cause of action sounding in tort which was commenced on June 1, 1970, and which was based on a transaction occurring on December 19, 1966, was not barred by the statute of limitations where a previous lawsuit had been commenced within the statutory period based on the same facts between the

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur 2d, Limitation of Actions §§ 170, 316.
[4] 46 Am Jur 2d, Judgments § 621 *et seq.*

same parties, the court had maintained jurisdiction for a period in excess of seven months, and the court had dismissed the action without prejudice, because the dismissal without prejudice allowed the statute of limitations to be tolled for the period in which the court had maintained jurisdiction over the parties (MCLA 600.5856).

2. LIMITATION OF ACTIONS—TOLLING—PREVIOUS ACTION.

The statute of limitations was tolled for the period in which a court had maintained jurisdiction over the same parties in a previous lawsuit based on the same facts before dismissing the action without prejudice even though the action was dismissed before the statute of limitations had run, thus allowing the plaintiff ample time to commence a new lawsuit within the original statutory period (MCLA 600.5856).

3. LIMITATION OF ACTIONS—TOLLING—PREVIOUS ACTION—DISMISSAL WITHOUT PREJUDICE—COLLATERAL ATTACK.

The statute tolling the statute of limitations applied to the period in which a court had maintained jurisdiction over the same parties in a previous lawsuit based on the same facts before dismissing the action without prejudice; defendant's contention that the tolling provision was not applicable because the action had been dismissed because of lack of diligence on the part of plaintiffs to prosecute the action was without merit because the order dismissing the action without prejudice cannot be collaterally attacked (MCLA 600-.5856).

4. JUDGMENTS—DISMISSAL—COLLATERAL ATTACK.

An order dismissing an action without prejudice cannot be collaterally attacked.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 January 4, 1972, at Detroit. (Docket No. 11158.) Decided March 23, 1972.

Complaint by Alfred W. Stewart, Sr., Alfred W. Stewart, Jr., Alfred Kruger, and Jerry Kruger against Michigan Bell Telephone Company and George A. Odien, Inc., for damages sustained from an automobile accident. Defendants' motion for accelerated judgment granted. Plaintiffs appeal. Reversed and remanded.

*Seymour Berger,* for plaintiffs.

*Mary Conrad,* for defendant Michigan Bell Telephone Company.

*Martin, Bohall, Josely, Halsey & Rowe, P. C.,* for defendant George A. Odien, Inc.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J. Plaintiffs appeal from an order granting accelerated judgment of no cause of action in favor of defendants, and dismissing plaintiffs' action due to the running of the statute of limitations. The stipulated concise statement of facts certified by the trial judge states as follows:

"1. This law suit was commenced on June 1, 1970, and concerned an occurrence sounding in tort which occurred on December 19, 1966.

"2. On July 17, 1970, the Michigan Bell Telephone Company filed a motion for accelerated judgment contending that the plaintiffs' cause of action was barred by the statute of limitations, CL '48, Section 600.5805, MSA, Section 27A.5805, which provides a three-year statute of limitations in actions such as the one the plaintiffs commenced.

"3. The defendant, George A. Odien, Inc., filed a general answer but also included in its answer a motion for accelerated judgment based on the three year statute of limitations provided in MSA 27A-.5805.

"4. That oral argument was had on the motions in this case but no transcript was taken by the court reporter.

"5. That the motion for accelerated judgment based on the statute of limitations was granted.

"6. That attached hereto and made a part hereof are the pleadings, motions and briefs which were

filed in this case and which make up the entire record in this matter as follows:

"a. Complaint.

"b. Motion for accelerated judgment filed on behalf of Michigan Bell Telephone Company.

"c. Answer of George A. Odien, Inc., which includes a motion for accelerated judgment.

"d. The plaintiffs' answer to motion for accelerated judgment.

"e. Plaintiffs' brief in support of plaintiffs' answer to defendants' motion for accelerated judgment.

"f. The brief filed on behalf of Michigan Bell Telephone Company.

"g. The order granting the defendants' motion for accelerated judgment."

Plaintiffs asserted in their answer to the defendants' motions for accelerated judgment that a previous law suit between the same parties and based upon the same facts was commenced on March 13, 1968, in the Macomb County Circuit Court; and that all the parties were subject to the jurisdiction of that court, defendant Michigan Bell Telephone Company answering plaintiffs' complaint on April 24, 1968, and defendant George A. Odien, Inc., answering on April 23, 1968. The said cause of action was dismissed on December 19, 1968, without prejudice.

It is plaintiffs' position that MCLA 600.5856; MSA 27A.5856[1] provides that the statute of limitations is tolled for the period of time that the Macomb County Circuit Court had jurisdiction over the parties or for the period of 7 months, 25 days. In

---

[1] "The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

the committee comment explaining the statute, MCLA 600.5856, it is stated:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled. Subsections (1) and (2)."

Defendants do not contest the fact that the dismissal order in the Macomb County Circuit Court case was without prejudice. Defendant Michigan Bell Telephone Company in its brief filed with the trial court claimed that the reason why the Macomb action was dismissed was based on the failure of plaintiffs to answer interrogatories submitted to them which constituted a lack of diligence in prosecuting the action.

Plaintiffs assert that this issue was not properly raised before the trial court, and according to the record before us, we agree. A record of the oral argument before the trial court on the motion for accelerated judgment was not made, and therefore, is unavailable. Nor is there any indication in the record that the trial court relied on this aspect of the claimed facts as a basis for granting the accelerated judgment. Plaintiffs further assert in their brief that had the issue been joined on the motion for accelerated judgment, the plaintiffs could have shown "conclusively that the reason that they did not answer the interrogatories in the first instance is that three of the plaintiffs were servicemen and after their discharge from the hospital, they scattered to various parts of the world to fulfill their

military obligations to the United States of America."

The only question presented on this appeal is whether under the facts in this case the statute of limitations was tolled for the period of time that the Macomb County Circuit Court had jurisdiction over the subject matter and the parties to this action.

We turn to the latest pronouncement by the Supreme Court on the subject tolling statute contained in the case of *Buscaino* v *Rhodes,* 385 Mich 474, 481–483 (1971), as follows:

"First, GCR 1963, 101 means that an action is commenced by the filing of a complaint. It has that meaning in the context of the statutes of limitations, as well as every other context.

"Second, MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) has nothing to do with when an action is commenced. It has to do with when statutes of limitations are tolled.

" 'To toll the statute of limitations means to show facts which remove its bar of the action.' Black's Law Dictionary (4th ed), p 1658.

"Since there can be no question of 'removing' the bar of the statute of limitations unless and until, in the absence of tolling the statute would have barred the action, there can be no issue of 'tolling' in any case where the action is commenced within the statutory period of limitation.

"It is only when the action is not commenced within the statutory period—as determined by consulting the date of claim, the date of filing the complaint and a calendar—it is only when a *prima facie* bar of the statute appears, that tolling comes into play.

"What then is the meaning to be extended to MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856)? We find that CL 1948, § 609.19 (Stat Ann § 27.611) was repealed by the adoption of the Revised Judicature Act. That statute provided:

" 'If, in any action, duly commenced within the time limited in this chapter, and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within 1 year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said 1 year.'

"MCLA § 600.5856 (Stat Ann 1962 Rev § 27A-.5856) merely provides a substitute for the repealed CL 1948, § 609.19 (Stat Ann § 27.611). It deals only with prior lawsuits between the parties which have not adjudicated the merits of the action. This understanding of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) conforms with the scheme of the five preceding sections of the Revised Judicature Act, all of which deal with extension and suspension of periods of limitations.

"Even the Committee Comment recognizes this function of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856). See 34 MCLA, p 945 and 23 Stat Ann, p 136. The Committee Comment reads:

" 'In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of

limitation, for during such time the statute has been tolled.  Subsections (1) and (2).'

\* \* \*

"The purpose of the statute of limitations was well stated by Justice CAMPBELL in *Shadock* v *The Alpine Plank-Road Co* (1889), 79 Mich 7, 13:
" 'The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts.'
See, also, *Bay State Milling Co* v *Izak* (1945), 310 Mich 601."

The issue of tolling the statute of limitations is present in the instant case because "in the absence of tolling the statute would have barred the action".

In order to properly consider the issue, we must ascertain the meaning of the term "without prejudice" appearing in the dismissal order entered in the Macomb County case.  The meaning of this term was discussed at length in the case of *McIntyre* v *McIntyre,* 205 Mich 496, 498–500 (1919), wherein it is stated:

"In the present proceeding the chancellor construed the words 'without prejudice' in the former decree as having little nor no significance.  We cannot agree with this view.  This well known phrase was placed in the decree for some purpose, and the question is, what significance shall be given to it? It has been many times the subject of judicial construction in various forms of legal proceedings.  In *Seamster* v *Blackstock,* 83 Va 232 (2 SE 36; 5 Am St Rep 262), it was said:

" 'The words "without prejudice" contained in a decree dismissing a bill, indicate a right or privilege to take further legal proceedings on the same subject, and show that the dismissal is not intended to be *res adjudicata* of the merits.'

"In the case of *Newberry* v. *Ruffin,* 102 Va 73 (45 SE 733), it was said that:

" 'A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought.'

\* \* \*

"Giving to the words 'without prejudice' the meaning which they ordinarily convey to the legal profession, we must hold that the former decree left the issues open to be again litigated in a subsequent proceeding."

We conclude that plaintiffs' case is within the letter of the tolling statute and that the statute of limitations was tolled for the period of time that the Macomb County Circuit Court had jurisdiction over the defendants. This is true because the Macomb County Circuit Court action was not dismissed on its merits, but was dismissed without prejudice. This is a required result unless defendants can prevail under one or both of their present claims that the tolling statute does not apply to this case by reason of: (1) the former suit was dismissed because plaintiffs therein failed to prosecute the action diligently, or (2) the statute of limitations period of three years had not run and the plaintiffs had a full year remaining after the dismissal of the first suit to recommence their action which they failed to do.

We will discuss first defendants' second claimed reason why the tolling statute should not be applied to the present case. The fact that plaintiffs may have had considerable time or no time left of the original three-year period prescribed by the statute of limitations to start an original suit is not controlling. If this had been the intent of the Legislature, it would have been easy for it to have so provided in explicit language. We also point out that the committee notes indicate the Legislature's intent as to tolling, *viz.*, "the period of time from the time

of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled. Subsections (1) and (2)". We rule that defendants' position in this regard is untenable.

Defendants first stated claim that the tolling statute should not apply to the instant case because the former suit was dismissed based upon a lack of diligence on the part of plaintiffs to prosecute the action, is lacking in merit. The dismissal without prejudice in the Macomb County Circuit Court case cannot be collaterally attacked in the instant case. *Adams* v *Adams,* 304 Mich 290 (1943); *Edwards* v *Meinberg,* 334 Mich 355 (1952); *Ginger* v *American Title Insurance Co,* 29 Mich App 279 (1970).

In 49 CJS, Judgments, § 406, p 802, it is stated as follows:

"The rule against collateral attack applies to orders and judgments made by the courts in special proceedings taken before them, although not in the nature of contested actions, or purely *ex parte,* provided the matter involves a judicial determination and carries the sanction of the court's authority."[1]

We are constrained to rule that the statute of limitations was tolled for the period of time that the Macomb County Circuit Court had jurisdiction over the defendants, or for the period of 7 months, 25 days; and further that the commencement of the present suit was timely.

Reversed and remanded.

Costs to plaintiffs.

All concurred.

---

[1] *Brachman* v *Hyman,* 298 Mich 344 (1941).