BENNETT v CARPENTER

Opinion of the Court

1. Limitation of Actions—Purpose.

The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts.

2. Limitation of Actions—Tolling—Previous Action—Dismissal.

A circuit judge was entitled to dismiss a case with prejudice on the ground that it was barred by the statute of limitations even though a previous lawsuit commenced in common pleas court within the statutory period based on the same facts had been dismissed without prejudice, where plaintiff's wilfull refusal to comply with a discovery order in common pleas court forfeited any right to rely on the tolling statute during the pendency of the action in common pleas court.

Dissent by Levin, J.

3. Dismissal and Nonsuit—Detroit Common Pleas Court—Dismissal Without Prejudice—Effect—Circuit Court Action—Meaning.

*The legal effect of a dismissal without prejudice by the common pleas court of plaintiff's common pleas action on his subsequently filed circuit court action—whether the common pleas dismissal barred the later circuit action—depends on the meaning and legal significance of the order entered by the common pleas court, not on what the circuit judge or the Court of Appeals might think would be sound judicial policy if they were sitting as common pleas judges and deciding as common pleas judges whether to make a dismissal one with or without prejudice.*

References for Points in Headnotes

[1] 51 Am Jur 2d, Limitation of Actions §§ 17, 49.

[2] 51 Am Jur 2d, Limitation of Actions § 286.

[3–5] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 7–9, 28, 40.

4. DISMISSAL AND NONSUIT—DETROIT COMMON PLEAS COURT—DIS-
MISSAL WITHOUT PREJUDICE—EFFECT—INVOLUNTARY DISMISSAL.

    *A common pleas court dismissal order that specified that the
dismissal was* without prejudice *did not operate as an adjudica-
tion upon the merits and is not res judicata (GCR 1963, 504.2).*

5. DISMISSAL AND NONSUIT—DISMISSAL WITHOUT PREJUDICE—DIS-
MISSAL WITH PREJUDICE—APPELLATE COURT REVIEW.

    *It is beyond the power of the Court of Appeals to vest a circuit
court with the power to change a dismissal entered by the
common pleas court from a dismissal without prejudice to one
with prejudice; the Court of Appeals may not properly bring
about such a complete reversal in the meaning and legal effect
of an order entered by the common pleas court; the circuit
court was not sitting as an appellate court; it was not reviewing
the action of the common pleas court; the only question before
the circuit court was the meaning and legal effect of the final
order entered by the common pleas court which was no longer
applicable or reviewable.*

Appeal from Wayne, Michael L. Stacey, J. Sub-
mitted Division 1 October 12, 1972, at Detroit.
(Docket No. 12820.) Decided March 27, 1973. Leave
to appeal granted 390 Mich —.

Complaint by Gary Bennett, Jr., against Robert
Carpenter for damages sustained in an automobile
accident. Complaint dismissed without prejudice in
Common Pleas Court of Detroit. Complaint refiled
in Wayne County Circuit Court. Complaint dis-
missed with prejudice. Plaintiff appeals. Affirmed.

*Williams, Rains, Williams & Block,* for plaintiff.

*David E. Eason,* Free Legal Aid Clinic Attorney,
for defendant.

Before: V. J. BRENNAN, P. J. and LEVIN and
O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. This case comes to us on a stipulated concise statement of facts. The more senior of us knew it once—by the sensible title of a "settled record".

By whatever name, it is difficult to be very concise in setting forth the chronology of a suit that was started in 1969, and never reached a trial on the merits and was finally dismissed with prejudice on motion in 1971. We will do our best.

Plaintiff started a negligence action on November 19, 1969 in the Common Pleas Court of Detroit. It alleged he sustained injury to person and property in an automobile accident which is claimed to have occurred in the City of Detroit on September 23, 1967.

On August 26, 1970, it was dismissed at defendant's instance for lack of progress. On September 9, 1970, it was reinstated in the common pleas court on motion of plaintiff. On September 25, 1970, defendant submitted interrogatories to plaintiff. They remained unanswered until January 19, 1971, on which date a judge of the court in which it then impended ordered answer to the interrogatories to be made by February 3, 1971. They were not. The suit was again dismissed this time for failure to comply with the order aforesaid.

For whatever reason the presiding judge of the common pleas court added to the order specifying the reason for dismissal as the failure to answer the interrogatories the words "without prejudice". This is the nub of the lawsuit before us. We will of necessity set forth the balance of the chronology of judicial actions in the case before we discuss its effect.

On March 25, 1971, plaintiff moved to reinstate the case again. The motion was denied under the then controlling common pleas court rule prohibit-

ing more than one reinstatement. Common Pleas Court Rule 16, § 4.

On May 11, 1971 plaintiff filed a new action in the Wayne Circuit Court. This time the plaintiff discovered that his claimed damages were twenty five thousand dollars instead of the ten, he previously claimed from the same accident. Defendant again, and by this time we suspect wearily, moved to dismiss. The Wayne Circuit Court dismissed the action "with prejudice" on the ground that the statute of limitation barred the action.

Two recent decisions, one of this Court and one of the Supreme Court, require discussion. They are *Buscaino v Rhodes,* 385 Mich 474 (1971), and *Stewart v Michigan Bell Telephone Co,* 39 Mich App 360 (1972).

First we examine *Buscaino, supra.* The opinion demands careful reading as it relates to the issue here presented. Mr. Justice SWAINSON noted with care and with supporting precedent, which the case reaffirms, that (p 483):

"The purpose of the statute of limitations was well stated by Justice CAMPBELL in *Shadock v The Alpine Plank-Road Co* (1889), 79 Mich 7, 13."

He then quotes with approval from *Shadock:*

" 'The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts.' "

This case is indeed exemplary of the soundness of the view. The defendant here has been in litigation involving an accident that took place over five years ago. Through no fault of his own he must dig up a defense, which he sought to obtain the factual basis for by written interrogatories, the answers to which were specifically ordered by the

court almost two years ago. The plaintiff here by
delay and point-blank refusal to obey a valid order
denied him the right to which *Buscaino* speaks.
When plaintiff began his action anew in another
forum the statute had long since run. Whether the
action in the common pleas court was dismissed
with or without prejudice does not alter this fact.
If plaintiff's forum shopping is to receive judicial
protection it will not be from *Buscaino*. Hence we
must look to the second case earlier mentioned.

*Stewart, supra,* at first blush would seem to be
plaintiff's salvation. The facts are to a very large
extent identical except that in *Stewart* two circuit
courts in two different counties were involved
while in the case at bar two courts of the same
county with partially overlapping jurisdiction cre-
ate the jurisdictional conflict. We mention this not
because we distinguish *Stewart* on this ground.
Rather we advert to it because there may be a
question of comity between courts of concurrent
jurisdiction in the same county which might out-
weigh the stated ground of collateral attack which
formed part of the *ratio decidendi* of *Stewart* and
the case at bar.

Note well that in *Stewart* when the Court ad-
dresses itself to the question of plaintiffs' lack of
diligence in prosecuting the action by failure to
answer defendants' written interrogatories it held
the effect of such failure was not before the Court
because *defendants failed to raise the question in
the court below* and thus it was not properly
before this Court on review. We quote:

"Plaintiffs assert that this issue [prosecutorial dili-
gence] was not properly raised before the trial court,
and according to the record before us, we agree." *Stew-
art, supra,* p 364.

Not so in the case at bar. Paragraph 13 of defendant's motion to dismiss in this case reads:

"13. On February 3, 1971, the suit was dismissed for failure to answer defendant's interrogatories."

The answer to the motion to dismiss reads:

"13. Plaintiff admits paragraph thirteen."

It is patent that the instant case contains a preserved appellate issue that was not before the *Stewart* Court. Without expressing ourselves as being in agreement or disagreement with *Stewart* on the question of the tolling of the statute of limitations while that case impended in the Macomb County Circuit Court, we distinguish it on the ground above set forth.

We hold that in this case the effect of plaintiff's failure to answer the written interrogatories was squarely before the Wayne circuit judge. The trial court in this case dismissed plaintiff's action "with prejudice" because his lack of diligence in prosecuting this cause, as indicated by plaintiff's wilful refusal to comply with the common pleas discovery order, forfeited any right to rely on the tolling statute. Thus the issue of "collateral attack" which seemed to trouble the *Stewart* panel is of no moment to us. The Wayne circuit judge dismissed "with prejudice". We think he was entitled to do so.

We add gratuitously that the common pleas bench and the Wayne circuit bench might well consider seeking Supreme Court approval of a common rule that will in Mr. Justice Swainson's language in *Buscaino, supra,* p 483, help "simplify the procedure and unclog the dockets". We add also it might help a hapless defendant who has been kept in court, or rather courts, trying to

obtain a more final adjudication of a cause of action that is alleged to have accrued over five years ago. Affirmed with costs to the defendant.

V. J. BRENNAN, P. J., concurred.

LEVIN, J. *(dissenting)*. The order of the common pleas court dismissing without prejudice the action which the plaintiff had commenced in that court was not appealed, and became final. That final order could not properly be attacked collaterally in the circuit court.

The action subsequently commenced by the plaintiff in the circuit court was a separate, independent action; it was *not an appeal* from the dismissal without prejudice by the common pleas court of plaintiff's action earlier filed in that court.

The circuit judge sat in the circuit court action as a *nisi prius,* not as an appellate judge. The legal effect of the dismissal without prejudice by the common pleas court of plaintiff's common pleas action on his subsequently filed circuit court action —whether the common pleas dismissal barred the later circuit action—depends on the meaning and legal significance of the order entered by the common pleas court, not on what the circuit judge or we might think would be sound judicial policy if we were sitting as common pleas judges and deciding as common pleas judges whether to make a dismissal one with or without prejudice.

It would be a far-reaching change in present law if final orders of a court of record can be collaterally attacked in a separate, independent action. It would be almost as radical a change *to require* a judge—here a common pleas court judge—to dismiss with prejudice whenever a plaintiff fails diligently to prosecute his action or disobeys a discovery order, thereby eliminating any case-by-case

exercise of discretion or judgment by the judge. Nor should such an enormous change in existing precedent and in the legal significance attaching to a without-prejudice dismissal be brought about deftly by total elimination—during the period preceding as well as after disobedience to a discovery order—of the tolling (appertaining to pendency of suit) of the statutes of limitations.[1]

I

The majority affirm the circuit judge's dismissal of plaintiff's circuit court action stating

—the "effect" of plaintiff's failure to answer defendant's written interrogatories in the earlier common pleas action was "squarely before the Wayne circuit judge";

—the circuit court dismissed the action filed in that court "because" plaintiff's lack of diligence in prosecuting *"this* cause", indicated by his "wilful refusal to comply with the *common pleas* discovery order, forfeited any right to rely on the tolling statute". (Emphasis supplied.)

The circuit judge filed neither opinion nor findings. His dismissal order makes no reference either to the common pleas action, the interrogatories, the common pleas discovery order, or plain-

---

[1] The Revised Judicature Act provides that the statutes of limitations are tolled during the pendency of suit. *See* MCLA 600.5856; MSA 27A.5856. The committee note states:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled". *See* 34 MCLA p 945; 23 MSA p 136.

As previously indicated, the action of the common pleas court in making the dismissal without prejudice had the effect of making the dismissal one not on the merits.

tiff's diligence or lack of diligence in prosecuting the action. The circuit court dismissal order provides: "[I]t appearing that the cause is barred by the statute of limitations" the defendant's motion to dismiss the circuit court action with prejudice is granted.

The majority opinion advances an argument which the defendant himself expressly declined to urge upon this Court. The following passage is from the defendant's brief:

"Plaintiff-appellant erroneously assumes that the defendant-appellee is basing his motion to dismiss on a belief that the order of the common pleas court dismissing the original cause should not have been without prejudice. He also is mistaken when he further assumes that the circuit court based its granting of defendant-appellee's motion to dismiss on the same belief. As plaintiff-appellant himself admits, the circuit court gave no basis on the record for its granting of the motion."

## II

The order entered by the common pleas court dismissing the action filed by the plaintiff in that court reads:

"Plaintiffs having failed to file answers to interrogatories as directed by the court on January 19, 1971, said cause is hereby dismissed without prejudice."

The January 19, 1971 order of the common pleas court so adverted to required the plaintiff to answer the interrogatories not later than February 3, 1971; the common pleas without-prejudice dismissal order quoted above was entered on that date, February 3, 1971.

The rules of the Common Pleas Court of Detroit do not provide concerning the consequences flow-

ing from entry of an order of dismissal.[2] These common pleas rules do provide, however, that "[i]n all matters not herein provided for, or not expressly prohibited or specified by statute, the Michigan Court Rules shall govern". Rule 39, Rules of the Common Pleas Court of Detroit.

The general court rule concerning involuntary dismissals (GCR 1963, 504.2) provides in part:

"For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * *Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits." (Emphasis supplied.)

The common pleas court dismissal order did "otherwise specif[y]". It specified that the dismissal was *without prejudice.* Accordingly, that dismissal did not operate as an adjudication upon the merits —it is not res judicata. Since this common pleas dismissal order was not appealed it has become final. It may not be collaterally attacked.

III

The circuit court did not claim, and it is beyond the power of this Court to vest it with the power to change a dismissal entered by the common pleas court from a dismissal without prejudice to one with prejudice. This Court may not properly bring about such a complete reversal in the meaning

---

[2] The only provisions in the common pleas court rules concerning dismissals are to be found in Rule 16. This rule is mostly concerned with no-progress dismissals and the reinstatement of actions dismissed for lack of progress. *See* Rule 16, Rules of the Common Pleas Court of Detroit.

and legal effect of an order entered by the common
pleas court.

The "effect" of plaintiff's *failure to answer* the
written interrogatories was *not* before the circuit
court. The circuit court was not sitting as an
appellate court; it was not reviewing the action of
the common pleas court. The only question before
the circuit court was the meaning and legal effect
of the final—no longer appealable or reviewable—
order entered by the common pleas court.

Even if the plaintiff was not diligent in prosecut-
ing his common pleas action, even if he willfully
refused to comply with the common pleas discov-
ery order and even if—as the majority urge—the
circuit judge dismissed plaintiff's action for lack of
diligence and noncompliance with the common
pleas discovery order, it simply was beyond the
power of the circuit judge to change the meaning
and legal significance of the order entered by the
common pleas court.

## IV

*Green v Wayne Soap Co,* 33 Mich App 74 (1971),
is somewhat analogous. An action commenced in
the common pleas court was dismissed for lack of
progress. Thereafter the plaintiff commenced an
action in the Wayne County Circuit Court. Our
Court held that the common pleas no-progress
dismissal operated as an adjudication upon the
merits and, therefore, the dismissal established the
defense of res judicata. The Michigan Supreme
Court peremptorily reversed our Court's decision
and remanded the cause to the Wayne County
Circuit Court for trial. See *Green v Wayne Soap
Co,* 385 Mich 785 (1971). The no-progress dismissal
order entered in that case simply provided, "Dis-

missed", without any indication whether the dismissal would be with or without prejudice. The instant case is even clearer because here indisputably the common pleas dismissal was without prejudice.

*Stewart v Michigan Bell Telephone Co,* 39 Mich App 360, 369 (1972), is entirely in point. There the first action, commenced in the Macomb County Circuit Court, was, as here, dismissed without prejudice. The second action was commenced a year and a half later in the Wayne County Circuit Court. We held that the statutes of limitations were tolled for the period of time that the Macomb County Circuit Court had jurisdiction of the defendants. We went on to reject the contention of the defendants in that case that "the tolling statute should not apply to the instant case because the former suit was dismissed based upon a lack of diligence on the part of plaintiffs to prosecute the action". We declared: *"The dismissal without prejudice in the Macomb County Circuit Court case cannot be collaterally attacked in the instant case".* (Emphasis supplied.)

I would remand for trial because the circuit court could not properly entertain a collateral attack on the order entered by the common pleas court.