Bill NAPIER, Plaintiff,

v.

HAWTHORN BOOKS, INC., a Foreign Corporation, and Bob Artis, jointly and severally, Defendants.

No. 7–72734.

United States District Court, E. D. Michigan, S. D.

May 5, 1978.

Arnold O. Shapero, Southfield, Mich., for plaintiff.

Timothy D. Wittlinger, Hill, Lewis, Adams, Goodrich & Tait and Robert B. Stevenson, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This matter. is before the Court on a motion for summary judgment filed by defendants Hawthorn Books and Bob Artis. The basis of the motion is that the plaintiff is attempting to collect for a libel for which the last possible date of publication is June 26, 1975. The statute of limitations in an action charging libel is one year, as provided in M.S.A. § 27A.5805 [M.C.L.A. § 600.-5805], and this suit was filed on November 17, 1977. By way of response, plaintiff asserts that the statute was tolled from August 27, 1975 until January 17, 1978 (or at least until November 9, 1977), during which time plaintiff was engaged in active litigation with defendants before Judge Keith of this Court on the identical matter sued upon in this suit. The Court has examined the file of the prior action, and a review of the pleadings filed in that case shows the following:

1. On October 3, 1975, defendants filed a petition for removal from Oakland County Circuit Court to U.S. District Court. (pleading # 1). Insufficient service of process was raised as a defense.

2. On January 13, 1976, defendants filed an answer, raising, among other things, the defenses of no personal jurisdiction over Bob Artis and insufficient service of process on both defendants. (pleading # 5).

3. On January 13, 1976, defendants noticed plaintiff's deposition, which was taken on April 8, 1976. (pleading # 6).

4. A final pretrial order was filed November 9, 1976 stating that defendants intended to rely on insufficient service of process as an affirmative defense. (pleading # 10).

5. On June 25, 1977, Judge Keith sent out a trial notice setting the trial for August.

6. On July 27, 1977, defendants petitioned for an accelerated hearing on the service of process defense raised in their answer. (pleading # 18).

7. On September 19, 1977, Judge Keith dismissed the suit without prejudice as to defendant Artis, but declined to dismiss the suit as to Hawthorn.

8. On September 26, 1977 defendant Hawthorn moved for a reconsideration and for an interlocutory appeal.

9. On November 9, 1977, Judge Keith reversed himself and dismissed, without prejudice, the action against Hawthorn.

10. On November 25, 1977, plaintiff filed a motion for reconsideration. Defendant responded on December 23. Judge Keith denied the motion on January 17, 1978.

This being a diversity case, the Court is obliged to follow the Michigan law on the statute of limitations. The statute which provides for the tolling of statutes of limitations, M.S.A. 27A.5856 [M.C.L.A. § 600.-5856], states as follows:

The statutes of limitations are tolled when:

(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

(2) jurisdiction over the defendant is otherwise acquired, or when

(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter.

Plaintiff urges that subsections (1) and (2) of the tolling statute apply to toll the statute of limitations in this case, while defendants contend that since service was never effectuated, nor jurisdiction otherwise acquired, the statute continued to run and expired on June 26, 1976.

■ While it is always troublesome to dispose of a case on procedural technicalities, this Court must agree with defendants that the case should be dismissed. The Michigan statute clearly provides that the limitations period is tolled when the complaint is filed and the summons is served or when jurisdiction is otherwise acquired. While both the Committee Comments to the statute and several Michigan cases state that the statute is tolled during the pendency of a prior suit which is dismissed on some ground other than merits, those cases and comments are clearly grounded in the understanding that the Court must have jurisdiction over the defendant during the pendency of the prior litigation. The Committee Comment states:

In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) *of an action in which jurisdiction over the defendant is acquired*, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled. (Emphasis added).

In *Stewart v. Michigan Bell Telephone*, 39 Mich.App. 360, 197 N.W.2d 465 (1972), the Court cited the Committee Comment and stated as follows:

"We conclude that plaintiffs' case is within the letter of the tolling statute and that the statute of limitations was tolled for the period of time that the Macomb County Circuit Court *had jurisdiction over the defendants*." *Stewart*, supra, at 468, 197 N.W.2d at 468.

Thus, it seems clear to this Court that the letter and spirit of the tolling statute requires that the Court acquire jurisdiction over the defendant in the prior action in order for the limitation period to be tolled.

██ Plaintiffs contend that the Court had jurisdiction over the defendants in the prior action because defendants did not raise the defense of no personal jurisdiction and therefore waived it.[1] The Court agrees with defendants, however, that plaintiff has confused the concepts of exercise and acquisition of personal jurisdiction. Exercise of personal jurisdiction by a Court is only proper when a party has certain minimum contacts with the case in which it sits. If a party does not challenge the exercise of personal jurisdiction in his first responsive pleading, he is deemed to have waived that defense under Rule 12(h) of the Federal Rules of Civil Procedure. Before a court can exercise jurisdiction, however, the party must be brought before the court—in other words, the court must *acquire* jurisdiction. The acquisition of jurisdiction is generally accomplished by service of process. Professor Moore states:

"The term 'summons' as used in Rule 4, and other rules, refers to the basic form of original process utilized in a federal civil action *to secure jurisdiction over the defendant* and inform him of the nature of the action brought against him."

Moore's Federal Practice, ¶ 4.03 at 961. Unless a party waives service of process and submits himself to the Court's jurisdiction, proper service is required in order for a court to acquire jurisdiction. *Ex Parte Peru*, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1942); *In Re Motion to Quash Subpoenas and Vacate Service*, 146 F.Supp. 792 (W.D.Pa.1956); *Oster v. Dominion of Canada*, 144 F.Supp. 746 (N.D.N.Y.1956). It is clear that the Court never acquired jurisdiction over the defendants in the prior action in this case, since defendants were not properly served and since they preserved the defense of improper service and thus did not acquiesce to jurisdiction. Therefore, the Michigan tolling statute cannot be invoked to save this case from dismissal.

██ Plaintiff also urges that defendants should be estopped from raising the statute of limitations as a defense because they proceeded through two years of litigation in the prior action before bringing the service of process issue forward for resolution two weeks before the trial. Plaintiff relies on the cases of *Spearman v. Sterling Steamship Co.*, 171 F.Supp. 287, 1 F.R.S.2d 12 h.1., case 6 (E.D.Pa.1959) and *Fulton v. Citizens Mutual Ins. Co.*, 62 Mich.App. 600, 233 N.W.2d 820 (1975), which held that a party may be estopped from asserting the statute of limitations as a defense when they have failed to quash service within a reasonable time with the apparent intention of waiting until the limitation period has expired. In such cases, where the plaintiff is prejudiced and misled by the deliberate stalling of the defendants, estoppel may properly be invoked.

In this case, however, defendants raised the insufficient service of process defense in their removal petition, in their answer, and in their final pretrial order before moving for an accelerated hearing on that issue. While it may be preferable in terms of overall court and docket efficiency for a party to raise procedural defenses by motion early in the proceedings, there is nothing in the federal rules which compels him to do so. Moreover, if plaintiff was at all concerned about the resolution of the service of process issue, he could have moved under rule 12(d) for an advance determination of that defense. Nothing forced him to wait until the defendants moved the issue.

Since plaintiff was on notice from October 3, 1975, that defendants were planning to rely on insufficient service of process as a defense, it was poor judgment for the plaintiff not to re-serve the defendants or, at the very least, to move for an advance determination of the issue under rule 12(d). This Court cannot, under the circumstances of this case, find that defendants are estopped from raising the statute of limitations as a defense.

Defendants' motion for summary judgment is granted and this case will be dismissed.

An appropriate order shall be submitted.

---

1. Even if this argument was dispositive, it would not apply to defendant Bob Artis, since he raised the defense of lack of personal jurisdiction in his first responsive pleading.