YOUNGS v. PETERS.

1. TAX SALES—VALIDITY—ENROLLMENT OF DECREE.
   A tax sale is not void because made before enrollment of
   the decree; the general provisions of the statute and court
   rules in relation to enrollment not being applicable to tax
   proceedings.

2. SAME—REPORT TO AUDITOR GENERAL—TIME FOR MAKING.
   A report of a tax sale, made by the county treasurer to the
   auditor general 12 days after confirmation of the sale, is a
   sufficient compliance with the requirement of section 70 of
   Act No. 206, Pub. Acts 1893, that such report be made "as
   soon as the sale is confirmed."

3. SAME—CONSTITUTIONALITY OF ACT—STARE DECISIS.
   Certain objections to the constitutionality of the tax law of
   1893 are overruled, upon the authority of *Ball* v. *Ridge Cop-
   per Co.*, *ante*, 7.

Appeal from Marquette; Stone, J.   Submitted October
8, 1897.   Decided July 18, 1898.

Petition by Clark W. Youngs against Robert Peters and
others for a writ of assistance.   From an order granting
the writ, respondents appeal.   Affirmed.

*W. S. Hill* ( *M. J. Sherwood* and *J. E. Ball*, of coun-
sel ), for petitioner.

*Clark & Pearl*, for respondents.

LONG, J.   Petition for writ of assistance.   Petitioner
became the purchaser of the lands in controversy at the
annual tax sale in 1896, under a decree made in the circuit
court, in chancery, for Marquette county.   He petitioned
for a writ of assistance; and the respondents, in answer to
an order to show cause, replied:

1. That it was an attempt to eject respondents from
their possession of the property without their having had

their day in court before a jury, and in contravention of section 27 of article 6 of the Constitution of this State.

2. That the court of chancery acquired no jurisdiction to render a decree against the land, because no personal service of notice was given to the owner of the land, though he resided within said county, and that the law providing for publication of notice, and thus attempting to give the court jurisdiction, is in contravention of the fourteenth amendment to the Constitution of the United States.

3. That the decree had not been enrolled before sale.

4. That the county treasurer did not make a report of sale to the auditor general within the time prescribed by the tax law.

5. That the owner of the land had personal property from which the tax might have been collected.

On the coming in of the answer, the court below granted the order issuing the writ of assistance.

The questions raised by respondents in the first and second points above stated are fully discussed, and decided adversely to respondents' contention, in *Ball* v. *Ridge Copper Co., ante*, 7.

We think the proposition that no sale could be made until after enrollment has no force. The statute prescribes a time for the sale to take place, which precludes the application of 2 How. Stat. §§ 6648, 6649. Chancery Rule No. 24 cannot overrule the tax law, which provides when the deeds may issue. See, also, *Hochgraef* v. *Hendrie*, 66 Mich. 561.

The point that the county treasurer did not make his report to the auditor general in time is decided contrary to the view of counsel in *Detroit Fire & Marine Ins. Co.* v. *Wood, ante*, 31. In the present case it appears that the time taken by the treasurer was not unreasonable.

The order below must be affirmed.

The other Justices concurred.