BUSCAINO *v.* RHODES

1. CONSTITUTIONAL LAW—CONSTRUCTION—COURTS—SUPREME COURT —COURT RULES.

The provision of the Michigan Constitution that the Michigan Supreme Court "shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state", and its predecessors, must be liberally construed in order to aid in the efficient administration of our judicial system (Const 1850, art 6, § 5; Const 1908, art 7, § 5; Const 1963, art 6, § 5).

2. CONSTITUTIONAL LAW — COURTS — COURT RULES — PRACTICE AND PROCEDURE.

The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to the Michigan Supreme Court by the constitution, a function with which the legislature may not interfere or meddle save as the Court may acquiesce and adopt for retention at judicial will; the judicial function constitutionally empowers the courts to make their own rules of procedure (Const 1908, art 7, § 5; Const 1963, art 6, § 5).

3. LIMITATION OF ACTIONS—PROCEDURE.

Statutes of limitations, as a general rule, are considered to be procedural.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 58, 62; 20 Am Jur 2d, Courts § 82.
[2] 20 Am Jur 2d, Courts §§ 82–86.
[3] 51 Am Jur 2d, Limitation of Actions §§ 15, 21
[4] 86 Am Jur 2d, Courts § 86.
[5] 20 Am Jur 2d, Courts § 86; 51 Am Jur 2d, Limitation of Actions §§ 56, 138, 143.
[6] 51 Am Jur 2d, Limitation of Actions § 138.
[7] 51 Am Jur 2d, Limitation of Actions §§ 142, 143, 213.
[8] 20 Am Jur 2d, Courts § 85.
[9, 10] 20 Am Jur 2d, Courts § 85; 51 Am Jur 2d, Limitation of Actions §§ 3, 210, 211.

4. Courts—Court Rules—Committee Comments.

> The Michigan Supreme Court is not bound by committee comments to the Michigan General Court Rules.

5. Limitation of Actions—Tolling—Statutes—Court Rules—Construction—Complaint—Commencement of Action.

> The court rule providing that a civil action is commenced by filing a complaint with the court and the statute providing that statutes of limitations are tolled "when the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter", must be read according to the plain language of each, giving effect to the meaning of the words as they are to have been understood by those who adopted them; the court rule means that an action is commenced by the filing of a complaint and it has that meaning in the context of the statutes of limitations, as well as every other context and the statute quoted has nothing to do with when an action is commenced, it has to do with when statutes of limitations are tolled (MCLA § 600.5856; GCR 1963, 101).

6. Limitation of Actions—Tolling—Commencement of Action.

> There can be no issue of "tolling" in any case where the action is commenced within the statutory period of limitation, as there can be no question of "removing" the bar of the statute of limitations unless and until, in the absence of tolling the statute would have barred the action; it is only when the action is not commenced within the statutory period that tolling comes into play.

7. Limitation of Actions—Tolling—Action—Adjudication on Merits.

> Statute providing that statutes of limitations are tolled "when the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter", deals only with prior lawsuits between the parties which have not adjudicated the merits of the action (MCLA § 600.5856).

8. Limitation of Actions—Tolling—Constitutional Law—Court Rule—Statutes—Commencement of Action—Complaint.

> Court rule providing that "a civil action is commenced by filing a complaint with the court", under the power granted the Michigan Supreme Court by a constitutional provision that

it "shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state", is controlling where a complaint was filed prior to the expiration of the statute of limitations and, thus, there was compliance with the court rule, as this was a matter clearly procedural and the court rule does not affect the validity of the three-year statute of limitations (Const 1963, art 6, § 5; GCR 1963, 101).

9. LIMITATION OF ACTIONS—PURPOSE—COURT RULE—COMMENCEMENT OF ACTION.

The purpose of the statute of limitations is found in the danger of losing testimony and of finding difficulty in getting at precise facts; a court rule providing that "a civil action is commenced by filing a complaint with the court" does not contravene this policy but rather infers that along with enforcing this policy causes of action are commenced simply and as expeditiously as possible (GCR 1963, 101).

10. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—PROCESS—COURT RULE.

Plaintiffs did comply with the statute of limitations, in that their complaint was filed pursuant to a court rule and the action commenced within three years; the provisions of the statute of limitations thus being met, the fact of subsequent service of the complaint can in no way affect the commencing of the action (GCR 1963, 101).

Appeal from Court of Appeals, Division 3, J. H. Gillis, P. J., and Levin and Bronson, JJ., affirming Branch, Mark S. Andrews, J. Submitted April 6, 1971. (No. 3 April Term 1971, Docket No. 52,717.) Decided August 27, 1971. Rehearing denied September 28, 1971.

20 Mich App 329 reversed.

Complaint by Ross C. Buscaino and Jeanne Buscaino against Terrance Rhodes and Patricia Rhodes for damages sustained in an automobile collision. Accelerated judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded for trial on the merits.

*Harold J. Smith,* for plaintiffs.

*Richard F. Biringer,* for defendants.

SWAINSON, J.   The compliance with the statute of limitations is the single issue before the Court in this matter.

The case arose out of an automobile accident which occurred on November 13, 1964.   Plaintiffs filed their complaint on November 7, 1967, six days prior to the expiration of the statute of limitations.   On the same date, a copy of the summons and complaint were placed in the hands of a deputy sheriff.   At that time counsel for plaintiffs advised the deputy sheriff that one of the defendants was outside the State of Michigan and he told the sheriff not to serve either defendant until the absent defendant returned. Service of process was made on January 2, 1968.

On January 22, 1968, defendants moved for accelerated judgment on the grounds that the statute of limitations had not been tolled.   The trial court granted the motion and accelerated judgment was filed on March 26, 1968, based on MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).   This section states:

"The statutes of limitations are tolled when * * *
"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

Plaintiffs moved to set aside the judgment on April 12, 1968, and the trial court denied the motion. The Court of Appeals affirmed, with Judge LEVIN dissenting.[1]   We granted leave to appeal.   (383 Mich 807.)

---

[1] *Buscaino* v. *Rhodes* (1969), 20 Mich App 329.

The Michigan Constitution of 1963 provides in art 6, § 5:

"The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state. The distinctions between law and equity proceedings shall, as far as practicable, be abolished. The office of master in chancery is prohibited."

This provision is basically the same as that found in the Constitutions of 1850[2] and 1908.[3] However, there is a significant difference which is relevant in the context of this case. In the *Address to the People*, at the conclusion of the 1961 Constitutional Convention (on August 1, 1962), it is stated concerning art 6, § 5:

"This is a revision of Sec. 5, Article VII, of the present constitution. In addition to existing powers of the court, power is conferred to simplify both practice and procedure."[4]

Thus, it is clear that there is recognition of the need to grant the Supreme Court broad powers to make rules which will tend to increase the efficient administration of justice at a time when our courts are seriously overburdened. Our Court has recognized in numerous cases the validity of the rule-making power, both under our present and former Constitutions. We have recognized that art 6, § 5, Michigan Constitution of 1963, and its predecessors, must

---

[2] "The supreme court shall, by general rules, establish, modify, and amend the practice in such court and in the circuit courts, and simplify the same. The legislature shall, as far as practicable, abolish distinctions between law and equity proceedings. The office of master in chancery is prohibited." Const 1850, art 6, § 5.

[3] "The supreme court shall by general rules establish, modify and amend the practice in such court and in all other courts of record, and simplify the same. The legislature shall, as far as practicable, abolish distinctions between law and equity proceedings. The office of master in chancery is prohibited." Const 1908, art 7, § 5.

[4] 2 Official Record, Constitutional Convention 1961, p 3385.

be liberally construed in order to aid in the efficient administration of our judicial system.

In *Jones* v. *Eastern Michigan Motorbuses* (1939), 287 Mich 619, 630, our Court stated:

"While courts are very generally authorized by statute to make their own rules for the regulation of their practice and the conduct of their business, a court has, even in the absence of any statutory provision or regulation in reference thereto, inherent power to make such rules. *Fullerton* v. *Bank of the United States* [1828], 1 Pet. (26 U.S.) 604 [7 L Ed 280]; *Van Benschoten* v. *Fales* [1901], 126 Mich 176; *Wyandotte Rolling Mills Co.* v. *Robinson* [1876], 34 Mich 428. This power is, however, not absolute but subject to limitations based on reasonableness and conformity to constitutional and statutory provisions. *Ward* v. *Chamberlain* [1862], 2 Black (67 U.S.), 430 [17 L Ed 319]; *Youngs* v. *Peters* [1898], 118 Mich 45."

In *Perin* v. *Peuler* (1964), 373 Mich 531, 541, 542, the Court stated:

"The function of enacting and amending judicial rules of practice and procedure has been committed exclusively to this Court (Const 1908, art 7, § 5; Const 1963, art 6, § 5); *a function with which the legislature may not meddle or interfere* save as the Court may acquiesce and adopt for retention at judicial will. [Emphasis added.] * * * Preliminary to that look, we advert to what was said above —that the rules of practice and procedure include the rules of evidence:

" 'The judicial function constitutionally empowers *the courts to make their own rules of procedure,* including rules of evidence (subject only to specific constitutional limitations). Virtually all of the original rules of evidence were invented by the courts. But as the courts usually failed to change rules which proved undesirable, the legislature from

time to time made reformatory alterations by statute,—thus obscuring historically the natural function of the courts.

" 'In recent times, the just prerogative of the courts to make their own rules of procedure has been vindicated in professional opinion; and a healthy movement to relegate generally procedure to the courts has long been under way. That this prerogative of the courts includes the power to formulate and to alter the rules of evidence ought not to be doubted.' (1 Wigmore on Evidence [3d ed], § 7, 1962 pkt supp, p 51; adding these quotations to text.)

"The italics above are those of the pocket supplement text writer."

The broad power of the Supreme Court to make rules affecting procedure in all courts of our state has been consistently recognized. See, for example, *Dauer* v. *Zabel* (1967), 9 Mich App 176, and *Brown* v. *Porter* (1968), 13 Mich App 6.

As a general rule, statutes of limitation are considered to be procedural. *Bournias* v. *Atlantic Maritime Co., Ltd.* (CA2, 1955), 220 F2d 152. Our Court has provided under GCR 1963, 101: "A civil action is commenced by filing a complaint with the court." However, the legislature in MCLA § 600-.5856 (Stat Ann 1962 Rev § 27A.5856), states:

"The statutes of limitations are tolled when * * *

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

Thus, we have a seeming conflict between the Court Rule and the legislative act, and we are not unmindful of the Author's Comments contained in 1 Honigman & Hawkins, Michigan Court Rules Anno-

tated (2d ed), pp 34, 35, or the Committee Comments following. We are not bound by Committee Comments. We can, indeed we must, read both GCR 1963, 101 and MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) according to the plain language of each, giving effect to the meaning of the words as they ought to have been understood by those who adopted them.

First, GCR 1963, 101 means that an action is commenced by the filing of a complaint. It has that meaning in the context of the statutes of limitations, as well as every other context.

Second, MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) has nothing to do with when an action is commenced. It has to do with when statutes of limitations are tolled.

"To toll the statute of limitations means to show facts which remove its bar of the action." Black's Law Dictionary (4th ed), p 1658.

Since there can be no question of "removing" the bar of the statute of limitations unless and until, in the absence of tolling the statute would have barred the action, there can be no issue of "tolling" in any case where the action is commenced within the statutory period of limitation.

It is only when the action is not commenced within the statutory period—as determined by consulting the date of claim, the date of filing the complaint and a calendar—it is only when a *prima facie* bar of the statute appears, that tolling comes into play.

What then is the meaning to be extended to MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856)? We find that CL 1948, § 609.19 (Stat Ann § 27.611) was repealed by the adoption of the Revised Judicature Act. That statute provided:

"If, in any action, duly commenced within the time limited in this chapter, and allowed therefor,

the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, or if the writ be abated or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if after a verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on a writ of error, the plaintiff may commence a new action for the same cause, at any time within 1 year after the abatement or other determination of the original suit, or after the reversal of the judgment therein; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence such new action within the said 1 year."

MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) merely provides a substitute for the repealed CL 1948, § 609.19 (Stat Ann § 27.611). It deals only with prior lawsuits between the parties which have not adjudicated the merits of the action. This understanding of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) conforms with the scheme of the five preceding sections of the Revised Judicature Act, all of which deal with extension and suspension of periods of limitations.

Even the Committee Comment recognizes this function of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856). See 34 MCLA, p 945 and 23 Stat Ann, p 136. The Committee Comment reads:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of

limitation, for during such time the statute has been tolled.  Subsections (1) and (2)."

We hold that under the power granted to the Court by Const 1963, art 6, § 5, GCR 1963, 101, is controlling in this case.  The action was filed within three years and, thus, there was compliance with the Court Rule.  We deal here with a matter that is clearly procedural.  GCR 1963, 101, does not affect the validity of the three-year statute of limitations. The complaint was filed within the three-year period, thus the civil action was commenced as provided by the Rule.  Moreover, this case is a good example of how the Court Rule may expeditiously simplify the procedure and unclog the dockets.  The action was commenced over three and one-half years ago and has not yet come to trial.  If we were to hold that there was compliance with MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856), then the matter would necessarily go back for trial and thereafter, depending on many factors not presently known, there could be a further appeal. Obviously this procedure unnecessarily prolongs litigation.  Nothing is gained by the requirement of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856). It merely complicates an otherwise simple procedure.  By applying GCR 1963, 101, there will not be, prior to trial, an appeal based on compliance with the statute of limitations, regardless of whatever transpires thereafter.

The purpose of the statute of limitations was well stated by Justice CAMPBELL in *Shadock* v. *The Alpine Plank-Road Company* (1889), 79 Mich 7, 13:

"The whole reason for statutes of limitation is found in the danger of losing testimony, and of finding difficulty in getting at precise facts."

See, also, *Bay State Milling Co.* v. *Izak* (1945), 310 Mich 601.

GCR 1963, 101, does not contravene this policy, but rather infers that along with enforcing this policy causes of action are commenced simply and as expeditiously as possible. We, therefore, hold that plaintiffs did comply with the statute of limitations, in that the complaint was filed pursuant to GCR 1963, 101 and the action commenced and, the provisions of the statute of limitations thus being met, the fact of subsequent service of the complaint can in no way affect the commencing of the action.

Reversed and remanded for a trial on the merits. Costs to abide final results.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and WILLIAMS, JJ., concurred with SWAINSON, J.