AFFILIATED BANK OF MIDDLETON v AMERICAN INSURANCE COMPANY

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—TOLLING—PRIOR SUIT—DIFFERENT PLAINTIFF—SAME INTEREST—ADJUDICATION ON MERITS—STATUTES—BROAD CONSTRUCTION.

The statute which limits actions on the payment of labor and material bonds to within one year from the date on which final payment was made to the principal contractor may be tolled where a plaintiff has initiated a prior suit within the limitation period which failed without being adjudicated on the merits; this statute should be liberally construed to permit a renewed action by a different plaintiff when he represents the same interest as the original plaintiff (MCLA 600.5856; MSA 27A.5856).

2. LIMITATION OF ACTIONS—STATUTES—LIBERAL CONSTRUCTION—VALID CLAIMS—TIMELY NOTICE.

A statute of limitations should be liberally construed to allow litigation of apparently valid claims of which defendants had timely notice.

CONCURRENCE BY M. F. CAVANAGH, J.

3. LIMITATION OF ACTIONS—TOLLING—CLAIMS—ASSIGNMENT AND STIPULATION—SUCCESSOR TO CLAIM—STATUTES—PROTECTION OF STATUTES.

*A bank is entitled to the protection of a tolling statute where assignment and stipulation of a trustee in bankruptcy renders*

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 51 Am Jur 2d, Limitation of Actions §§ 232, 318.

Change in party after statute of limitations has run. 8 ALR2d 6.

Applicability, as affected by change in parties, of statute permitting commencement of new action within specified time after failure of prior action not on merits. 13 ALR2d 848.

[2] 51 Am Jur 2d, Limitation of Actions §§ 50, 52, 143.

[3] 51 Am Jur 2d, Limitation of Actions § 252.

*the bank a clear successor to a claim which the trustee had previously unsuccessfully asserted.*

Appeal from Houghton, Stephen D. Condon, J. Submitted May 4, 1977, at Marquette. (Docket No. 28630.) Decided August 9, 1977.

Complaint by the Affiliated Bank of Middleton against The American Insurance Company to recover on a labor and material payment bond. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Santini, Jacobs, McDonald & Silc, P. C.* (by *William C. Merchant*), for plaintiff.

*Weis, Cossi & Slade,* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. This appeal raises a question of first impression for Michigan.

In 1974, defendant American Insurance Company executed a performance bond and a labor and material payment bond for Burger Masonry and General Construction, Inc., a construction company that had contracted to construct a recreational facility for the Hancock Public Schools. MCLA 129.201; MSA 5.2321(1) requires these bonds when a public entity enters into a construction contract exceeding $50,000 in cost. Burger contracted with Building Dynamics, Inc., a Wisconsin corporation, to furnish labor and material for construction of the recreational facility. Burger ceased work on the facility by December 31, 1974, and final payment under its contract with the Hancock Public Schools was made on January 15, 1975.

After performance under its contract with Burger, Building Dynamics declared bankruptcy and a trustee was appointed. On October 9, 1975, the trustee brought an action against Burger and defendant American Insurance Company for $12,-625 allegedly due Building Dynamics for labor and materials furnished under its contract with Burger. Both Burger and defendant American Insurance Company answered the complaint. On December 3, 1975, they moved for accelerated judgment, alleging that the claim against Burger had earlier been assigned to plaintiff Affiliated Bank of Middleton. The court below granted the motion for accelerated judgment against the trustee on January 16, 1976.[1]

On January 20, 1976, plaintiff filed the present action against defendant to recover, under the labor and material payment bond, the $12,625 allegedly due Building Dynamics. Defendant moved for accelerated judgment under GCR 1963, 116.1(5), on the basis that the one-year limitation in MCLA 129.209; MSA 5.2321(9) prevented an action begun after January 15, 1976. The court rejected plaintiff's argument that the earlier action by the trustee tolled the statute of limitations under MCLA 600.5856; MSA 27A.5856, and an order granting defendant accelerated judgment was entered.

MCLA 600.5856; MSA 27A.5856 provides:

"The statutes of limitations are tolled when (1) the complaint is filed and a copy of the summons and

[1] The assignment from Building Dynamics to plaintiff bank appears to have merely created a security interest. The trustee later agreed with plaintiff bank that he would attempt to collect, on behalf of the bank as a secured creditor of Building Dynamics, the accounts receivable of Building Dynamics. Whether the grant of accelerated judgment against the trustee was proper under GCR 1963, 116.1(5) is not before this Court.

complaint are served on the defendant, or when (2) jurisdiction over the defendant is otherwise acquired, or when, (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

This provision allows a plaintiff to avoid the bar of the statute of limitations when there has been a prior suit not adjudicated on the merits. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), *Kiluma v Wayne State University,* 72 Mich App 446; 250 NW2d 81 (1976); Committee Comment, MCLA 600.5856; MSA 27A.5856. It has not yet been decided whether the statute is applicable when the renewed action is instituted by someone other than the original plaintiff.

The statute does not indicate an answer; it should, however, be liberally construed to allow litigation of apparently valid claims of which defendants had timely notice, *Kiluma, supra, Cronin v Minster Press,* 56 Mich App 471; 224 NW2d 336 (1974).

Cases from other jurisdictions have, for the most part, construed similar statutes to permit, after failure of the original action commenced within the limitations period, a renewed action by a different plaintiff when he represents the same interest as the original plaintiff. *Premo v Lee,* 56 Vt 60 (1884), *Anthony Investment Co v Law,* 62 Kan 193; 61 P 745 (1900), *Siever v Klots Throwing Co,* 101 W Va 457; 132 SE 882 (1926), *Van Der Stegen v Neuss, Hesslein & Co,* 243 App Div 122; 276 NYS 624, *aff'd* 270 NY 55, 200 NE 577 (1934), *Young v Willis,* 58 Tenn App 678; 436 SW2d 445 (1968), *C & C Tile Co v Independent School District Number 7 of Tulsa County,* 503 P2d 554

(Okla, 1972), *McDaniel v North Carolina Pulp Co,*
198 Va 612; 95 SE2d 201 (1956).

54 CJS, Limitations of Actions, § 292C, p 360,
summarizes the cases:

"Failure of an action for defects in parties is fre-
quently within the statutes permitting a new action to
be instituted within a specified time after such failure.
Thus the failure of a former suit, because prosecuted in
the name of the wrong person as plaintiff, brought to
recover the same claim sought to be recovered in a
later suit by the proper person as plaintiff, is a failure
within a statute allowing a new action to be brought
within a limited time after the failure of a former
action; but there is also authority to the contrary."

We think the trial court was in error in not
applying the tolling, or "saving" statute. The stat-
ute is remedial and deserves a construction as
broad as that given similar statutes in most other
jurisdictions.

Reversed and remanded.

M. F. CAVANAGH, J. *(concurring).* I concur sepa-
rately on more limited grounds. In this case, the
trustee in bankruptcy himself assigned the claim
against Burger to the bank. Moreover, the bank
and the trustee entered into a formal stipulation,
before either suit, that the trustee would attempt
to collect Building Dynamics' accounts receivable
on behalf of the bank. Those facts render the bank
a clear successor to the claim which the trustee
had previously unsuccessfully asserted, and entitle
the bank to the protection of the tolling statute.
This contrasts with the more common situation
where the trustee and debtor's assignee-secured
creditor assert competing interests based on the
same claim. In such a situation, commencement of
suit by one party should not toll the statute of
limitations in favor of the other.