**Helen ANDREWS, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Defendant.**

**Civ. A. No. 79–70563.**

United States District Court, E. D. Michigan, S. D.

Oct. 31, 1979.

P. Robert Shrauger, Shrauger & Dunn, Detroit, Mich., for plaintiff.

John E. McSorley, Garan, Lucow, Miller, Seward, Cooper & Becker, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Defendant Allstate Insurance Company filed motions for summary judgment or partial summary judgment pursuant to F.R. C.P. 56. A hearing was held on August 28, 1979, at which time defendant withdrew its motion for summary judgment. The case is now before the court on defendant's motion for partial summary judgment.

Basing its motion on the Michigan No-Fault Act's limitation of actions provision, M.C.L.A. § 500.3145, defendant seeks a ruling that plaintiff is by law limited in any possible recovery to those losses or expenses incurred within one year of the date this action was commenced. Because the record contains insufficient information as to the dates of certain events essential to a determination of this issue, defendant's motion is denied. An explanation follows.

The no-fault statute of limitations, M.C. L.A. § 500.3145, provides that where notice of the injury has been given by the insured, or payment made by the insurer, as was done in this case,

> the action may be commenced at any time within 1 year after the most recently allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Such a clear statute invites a mechanical application of the law to the facts and a quick resolution of a limitations issue. This case, however, is one complicated by two separate tolling issues, both of which require additional information to enable the court to determine the allowable period of recovery. Because the sequence of events in this case is crucial to the court's reasoning, a detailed summary of the facts follows.

On June 12, 1976, plaintiff-insured was involved in a car accident in which she sustained personal injuries. Defendant Allstate was the insurer under a personal injury benefit policy then in effect. Plaintiff acknowledges that payments were made to her under the policy for losses incurred in this accident, although the dates of claims and payments do not appear in the record.

On January 30, 1977, plaintiff sustained injuries as a result of a fall. (Defendant reports that this fall occurred on January 17.) Plaintiff alleges that although defendant has paid a portion of the benefits she claims are due her, defendant has refused to pay other expenses, primarily those falling on or after January 30, 1977.

Plaintiff filed suit against Allstate for benefits allegedly due her in Macomb County Circuit Court on February 15, 1978. Service was made on Allstate on September 21, 1978; however, because service followed the date of filing of the complaint by more than 180 days, the complaint was dismissed on September 28, 1978, pursuant to Michigan General Court Rule 102.5.[1] After the dismissal of the suit but before defendant was aware of the dismissal, defendant removed the "case" to this court. The removed case was subsequently dismissed by this court on November 30, 1978, for the reason that a case that has been dismissed is no longer a case and thus cannot be removed. Plaintiff moved to set aside the original dismissal in Macomb County Circuit Court, and this motion was denied on February 2, 1979.

Plaintiff commenced a new action against Allstate on January 31, 1979. The case was removed to this court, and it is in this case that defendant's motion for partial summary judgment is made.

In applying M.C.L.A. § 500.3145 to the facts of this case, it is necessary to examine Michigan's law on the tolling of statutes of limitation.[2] An examination of the law in this area reveals that certain facts not currently in the record are essential to a determination of the time period during which the statute did not run against plaintiff.

There are two distinct factors or events which could operate to toll the statute of limitations in this case. The first concerns the first suit filed by plaintiff and dismissed for lack of timely service pursuant to Michigan's G.C.R. 102.5, and the tolling effect this first suit has on the time period for which damages may be claimed. The second factor involves the effect of a failure to deny liability following notice of loss under the no-fault act on the period within which claims may be recovered under M.C.L.A. § 500.3145.

### Effect of Earlier Suit

As an initial matter, the Michigan Supreme Court has held that where a suit is

---

1. In 1978, Michigan General Court Rule 102.5 read:

    Dismissal of Action, Defendants Not Served. Every action shall be dismissed, without prejudice, as to any defendant in the action who has not been served with process personally, by substituted service or by publication within 180 days from the date of the filing of the first complaint in the action with the court unless that defendant has filed any pleading in the action within that period of time, in which event, the action shall not be dismissed as to that defendant.

    (1) Upon the expiration of 180 days from the date of the filing of the first complaint in the action with the court, the clerk of the court in which the complaint was filed shall examine the court records in the action and, if he determines that any defendant in the action has not been served with process within that period of time, he shall automatically enter an order of dismissal as to that defendant as provided above. This sub-rule shall not ap-

    ply if that defendant has filed any pleading in the action within that period of time.

    (2) Notice of the entry of the order of dismissal shall be given by the clerk of the court as provided by rule 107 but failure to give such notice shall not affect the dismissal.

2. Although statutes of limitations and tolling provisions are arguably procedural rules, the Michigan provisions in this area must be applied by this court. As will be seen below, the resolution of the limitations and tolling provisions is outcome determinative of this action, and the provisions are an integral part of the no-fault remedies fashioned by the Michigan legislature. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1949); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Sylvester v. Messler*, 351 F.2d 472 (6th Cir. 1965), *cert. denied* 382 U.S. 1011, 86 S.Ct. 619, 15 L.Ed.2d 526 (1966).

commenced within the time period prescribed by the statute of limitations, there is no tolling issue involved. In a recent case, the Supreme Court held that under Michigan's G.C.R. 101,[3] a suit is commenced upon the filing of a complaint for the purposes of statutes of limitations. *Buscaino v. Rhodes*, 385 Mich. 474, 189 N.W.2d 202 (1971). In *Buscaino*, the plaintiffs filed their complaint six days prior to the expiration of the statute of limitations, but service was not made within that six day period. The court held that the action was not barred by the statute because the suit was timely commenced. Defendants in *Buscaino* argued, based on Michigan's general tolling statute, M.C.L.A. § 600.5856,[4] that the action was barred because the statute of limitations was not tolled until they were served. The court rejected this argument, stating:

> "To toll the statute of limitations means to show facts which remove its bar of the action." Black's Law Dictionary (4th ed), p. 1658.

> Since there can be no question of "removing" the bar of the statute of limitations unless and until, in the absence of tolling the statute would have barred the action, there can be no issue of "tolling" in any case where the action is commenced within the statutory period of limitation. *Buscaino, supra*, at 481, 189 N.W.2d at 205.

Thus, applying General Court Rule 101, the court held that where an action is commenced by filing a complaint within the statutory period, the suit is not barred and no tolling issue is presented. Until recently, this was the rule regardless of whether the defendant was served within 180 days of filing the complaint as prescribed by G.C.R. 102.5 and 102.4,[5] which states that a summons is valid for only 180 days following the filing of the complaint. *Goniwicha v. Harkai*, 393 Mich. 255, 224 N.W.2d 284 (1974); *Brashers v. Jefferson*, 402 Mich. 399, 263 N.W.2d 243 (1978).

According to *Buscaino*, a tolling issue is presented, and thus M.C.L.A. § 600.5856 is applicable, only where a prior suit between the parties was dismissed on some ground other than the merits.

> M.C.L.A. § 600.5856 . . . deals only with prior lawsuits between the parties which have not adjudicated the merits of the action. *Buscaino, supra*, 385 Mich. at 482, 189 N.W.2d at 205.

That the applicability of M.C.L.A. § 600.-5856 is limited to those instances in which a *new*, different suit follows the dismissal of an earlier action between the parties is further illustrated by *Goniwicha v. Harkai, supra*. In *Goniwicha*, the action commenced by plaintiff was dismissed for lack of progress, but was reinstated approximately one month later. Because this was the same action which was commenced

---

**3.** Michigan General Court Rule 101 provides: A civil action is commenced by filing a complaint with the court.

**4.** M.C.L.A. § 600.5856 is quoted on page 485 of this Opinion.

**5.** Michigan General Court Rule 102.4 (1972) provided:

Expiration. No summons shall be valid for longer than 180 days from the date of the filing of the complaint with the court. Duplicate summons shall not have the effect of extending the expiration of the original summons.

The Michigan Supreme Court has held that the dismissal provision of G.C.R. 102.5(1) (1972) was not one which resulted in automatic dismissal upon the expiration of 180 days after the date of filing the complaint. *Brashers, supra*. In April of 1979, the amendments to G.C.R. 102.5 went into effect, and dismissal upon the expiration of 180 days is now automatic. In

view of the *Brashers* opinion and the amendments to G.C.R. 102.5, the correctness of the earlier denial of plaintiff's motion to set aside the dismissal in Macomb County Circuit Court is in doubt. While *Brashers* would seem to hold that the denial was in error, a question remains as to whether the amendments to G.C.R. 102.5 will be given retroactive effect. This court does not intend to prescribe the best course of conduct for plaintiff, nor rule as to the availability of any relief in the Michigan court. However, if *Brashers* governs the earlier dismissal which preceded the 1979 amendments to G.C.R. 102.5, and if review of the denial of plaintiff's motion to set aside the dismissal and reinstatement of the first suit is available, it would appear that the statute would then be tolled from February 15, 1978 to the present.

within the statutory period of limitations, the court followed *Buscaino* and held that the action was not barred.

■ It is clear, therefore, that because this case presents an instance where there are two *different* suits between the parties, a tolling issue is presented. To determine the length of time during which the statute of limitations was tolled during the pendency of the first suit, it is necessary to apply the provisions of M.C.L.A. § 600.5856 to the facts of this case.

M.C.L.A. § 600.5856 provides that statutes of limitations are tolled when

(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

(2) jurisdiction over the defendant is otherwise acquired, or when

(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter.

Thus, when considering the statute of limitations as to a second suit, which was separately commenced and not a reinstatement of a prior suit, the statute of limitations is not tolled by the filing of the complaint in the earlier suit, but by service of the summons and complaint. Service must occur within the statutory period unless copies of the summons and complaint are placed in the hands of an officer for service within the statute of limitations period and service does not occur within the statute of limitations period. In such a case, the statute is tolled for 90 days following delivery of the summons and complaint to the officer. Thus, plaintiff has an additional 90 days from the date of delivery to the officer to effect service on the defendant.

Applying this reasoning to the facts of this case, it is clear that the no-fault statute of limitations can be tolled for a maximum of 97 days (seven days under subsection (1) of the statute and 90 days under subsection (3) of the statute.) The record does not reflect whether plaintiff placed a copy of the complaint and summons in the hands of an officer for immediate service. If plaintiff was remiss in this regard, the statute was tolled for only 7 days, from the date of service, September 21, 1978, to the date of dismissal, September 28, 1978.

Under the no-fault limitations provision, M.C.L.A. § 500.3145, it is clear that plaintiff is entitled to recover allowable expenses and losses which were incurred on or after January 31, 1978, as the statute allows recovery of only those losses and expenses incurred within one year of the date an action is commenced, and this action was commenced on January 31, 1979. Michigan G.C.R. 101. Under M.C.L.A. § 600.5856(1), the statute of limitations was tolled for seven days (date of service until date of dismissal). This increases the allowable period of recovery to one year and seven days. Plaintiff is thus entitled to recover those allowable losses and expenses incurred on or after January 24, 1978. If plaintiff complied with M.C.L.A. § 600.5856(3), the allowable period of recovery is increased by an additional 90 days, thus pushing the date of recovery back to October 25, 1977. In order to determine which allowable expenses and losses are recoverable under the statute of limitations, therefore, it is essential to know whether the condition of M.C.L.A. § 600.-5856(3) was met by plaintiff.

*Effect of Failure to Deny Claims Made*

■ In addition to the tolling provisions of M.C.L.A. § 600.5856 discussed above, another distinct tolling rule may apply in this case. In *Richards v. American Fellowship Insurance Co.*, 84 Mich.App. 629, 270 N.W.2d 670 (1978), leave to appeal denied, the Michigan Court of Appeals held that the no-fault statute of limitations, M.C.L.A. § 500.3145, is tolled from the date a claimant gives notice of loss until the date of formal denial of liability by the insurer.

In *Richards*, the plaintiff made a timely request for payment which was not denied until nearly one year later. Suit was commenced more than one year after plaintiff's most recent allowable expense was incurred. The court held that the no-fault statute of limitations was tolled from the

date the plaintiff gave notice of the loss until the date on which the insurer denied liability, and thus plaintiff was not barred from recovering expenses incurred more than one year prior to the commencement of the action. Under *Richards*, therefore, the permissible period of recovery under M.C.L.A. § 500.3145 is one year *plus* whatever amount of time a claim was pending before a formal denial of liability was made by the insurer. This construction of M.C.L.A. § 500.3145, according to the *Richards* court, furthers the legislative purpose of prompt and adequate compensation of no-fault claims while preventing insurers from profiting from delays in processing and assessing claims. *Richards, supra*, at 634–35, 270 N.W.2d 670.

Although the *Richards* construction of M.C.L.A. § 500.3145 governs this case, the record contains insufficient information to determine what effect *Richards* has on plaintiff's period of recovery. To determine the length of time, if any, the statute of limitations was tolled in this case, the dates of plaintiff's notice of loss as evidenced by the requests for payment and defendant's actions that could be construed as being a denial of liability must be made known to the court.

In summary, it is clear that plaintiff is entitled to recover allowable expenses and losses which were incurred on or after January 24, 1978. Whether the period of recovery is greater depends on whether plaintiff met the conditions of M.C.L.A. § 600.-5856(3) and on the dates of notice of loss as evidenced by the requests for payment and the actions of the defendant claimed to be a denial of liability. Until this information is made known to the court, the allowable period of recovery cannot be computed.

Defendant's motion is denied.

So ordered.