SANDERFER v MOUNT CLEMENS GENERAL HOSPITAL

Docket No. 49849. Submitted January 19, 1981, at Detroit.—Decided
    March 10, 1981.

    Stephen Sanderfer and Susan Sanderfer brought an action
    against Mount Clemens General Hospital, John Ferris, D.O.,
    and David Herr, D.O., alleging malpractice. Defendants moved
    for accelerated judgment on the ground that the period of
    limitation of actions for malpractice had run, and that the
    action was barred. Macomb Circuit Court, Edward J. Gallagher,
    J., granted defendants' motion. Plaintiffs appeal, alleging that
    the trial court erred in granting defendants' motion since the
    period of limitation of actions was tolled by their filing of an
    earlier action. *Held:*

    Plaintiffs' initial suit was dismissed for failure to effect
    service on defendants. Plaintiffs did not comply with the statu-
    tory provisions for tolling the period of limitation of actions
    which had run prior to the filing of plaintiffs' second complaint.
    The trial court properly granted defendants' motion.

    Affirmed.

1. ACTIONS — MALPRACTICE — ACCRUAL OF ACTIONS — LIMITATION OF
    ACTIONS — STATUTES.

    Actions alleging medical malpractice accrue at the time treat-
    ment of the plaintiff was discontinued and must be brought
    within the statutory two-year period of limitation of actions
    (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

2. COURTS — LIMITATION OF ACTIONS — COMMENCEMENT OF ACTIONS.

    A court, in determining whether an action was commenced
    within the prescribed period of limitation of such actions,
    should look at the date the complaint was filed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers
    §§ 320, 321.
  When statute of limitations commences to run against physician,
    surgeon, dentist, or similar practitioner. 80 ALR2d 368.
[2] 51 Am Jur 2d, Limitation of Actions § 31 *et seq.*
[3, 4] 51 Am Jur 2d, Limitation of Actions § 138.

3. LIMITATION OF ACTIONS — TOLLING OF THE PERIOD OF LIMITATION — STATUTES.

The period of limitation of actions is tolled upon the filing of a complaint and service of a copy thereof and a copy of a summons on the defendant, otherwise acquiring jurisdiction over the defendant, or the filing of a complaint and placing a copy thereof and a copy of a summons in the hands of an officer for immediate service (MCL 600.5856; MSA 27A.5856).

4. LIMITATION OF ACTIONS — TOLLING OF THE PERIOD OF LIMITATION — DISMISSAL — STATUTES.

The period of limitation of actions is not tolled merely by the filing of a complaint, and where a plaintiff's action is dismissed for failure to effect service upon a defendant the period of limitation of actions is not tolled, and a second suit which is separately commenced, and not a reinstatement of the prior suit, against the same party and based upon the same cause of action, is subject to the same period of limitation of actions as the original action (MCL 600.5805, 600.5838; MSA 27A.5805, 27A.5838).

*Bain & Shapero, P.C.* (by *David W. Martin*), for plaintiffs.

*Franklin, Petrulis, Lichty & Mellon, P.C.,* for defendants Mount Clemens General Hospital and Herr.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Thomas M. O'Leary* and *John P. Jacobs*), for defendant Ferris.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. Plaintiffs, Stephen and Susan Sanderfer, appeal a trial court's grant of accelerated judgment, GCR 1963, 116.1(5), in favor of defendants, Mount Clemens General Hospital, John Ferris, D.O., and David Herr, D.O.

On June 22, 1975, Mr. Sanderfer was struck by an automobile as he was leaving a bar. He was

admitted to Mount Clemens General Hospital, and in July of 1975 Dr. Ferris amputated his left leg below the knee. Mr. Sanderfer's last day of treatment at the hospital was December 22, 1975.

On June 22, 1977, plaintiffs commenced an action against the hospital and the doctors who treated Mr. Sanderfer, claiming malpractice. However, when plaintiffs failed to serve any of the defendants within the 180 days required by GCR 1963, 102.5, the action was dismissed by the Macomb County Clerk. On January 4, 1978, the plaintiffs instituted this action claiming the same malpractice by the same defendants. Apparently no attempt was made to set aside the dismisal effected by the clerk. After the defendants were served, they brought a motion for accelerated judgment, GCR 1963, 116, claiming that the statute of limitations barred the action. By agreement, some of the defendants were released, and the trial court granted accelerated judgment as to the remaining defendants. The plaintiffs appeal the trial court's decision.

At the time this action was commenced, MCL 600.5805(3); MSA 27A.5805(3), now MCL 600.5805(4); MSA 27A.5805(4), set a two-year statute of limitations for actions alleging malpractice. Actions alleging malpractice accrued at the time treatment was discontinued. MCL 600.5838; MSA 27A.5838. However, the statute of limitations was tolled when the plaintiff filed a complaint. *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971). To determine if an action was commenced within the period prescribed by the statute of limitations, this Court looks at the date the complaint was filed. *Id.*

In this case, plaintiffs' action accrued on December 22, 1975. While this action was not commenced

until January 4, 1978, the plaintiffs argue that their first action, commenced in June, 1977, tolled the statute of limitations until it was dismissed. It is their theory that the statute did not begin to run again until the dismissal of their initial action.

Whether a prior lawsuit between the parties, which has been dismissed without an adjudication on the mertis, tolls the statute of limitations is determined by MCL 600.5856; MSA 27A.5856. *Buscaino, supra,* 482, *Affiliated Bank of Middleton v American Ins Co,* 77 Mich App 376, 379; 258 NW2d 232 (1977). MCL 600.5856; MSA 27A.5856 reads:

> "The statutes of limitations are tolled when
>
> "(1) The complaint is filed and a copy of the summons and complaint are served on the defendant, or when
>
> "(2) jurisdiction over the defendant is otherwise acquired, or when,
>
> "(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The statute should be liberally construed to allow litigation of apparently valid claims of which defendants had timely notice. *Bank of Middleton, supra,* 379.

On June 22, 1977, the plaintiffs filed their first action. On December 29, 1977, the Macomb County Clerk dismissed the action for plaintiffs' failure to serve the complaint on the defendants as required by GCR 1963, 102.5. The first action did not toll the statute of limitations because plaintiffs had not complied with MCL 600.5856; MSA 27A.5856. Since the plaintiffs' complaint was filed after the

statute had run, the trial court did not err in granting defendants' motion for accelerated judgment. Further, we believe that to uphold the plaintiffs' position would abrogate the purpose of the 180-day rule embodied in GCR 1963, 102.5. By permitting the applicable statute of limitations to be tolled by the mere filing of a complaint would also allow a plaintiff to extend by 180 days the period in which to commence an action, without first acquiring the personal jurisdiction required in MCL 600.5856; MSA 27A.5856. See *Andrews v Allstate Ins Co,* 479 F Supp 481, 485 (ED Mich, 1979), in which the Court analyzed the tolling statute, concluding:

"Thus, when considering the statute of limitations as to a second suit, which was separately commenced and not a reinstatement of a prior suit, the statute of limitations is not tolled by the filing of the complaint in the earlier suit, but by service of the summons and complaint. Service must occur within the statutory period unless copies of the summons and complaint are placed in the hands of an officer for service within the statute of limitations period and service does not occur within the statute of limitations period. In such a case, the statute is tolled for 90 days following delivery of the summons and complaint to the officer. Thus, plaintiff has an additional 90 days from the date of delivery to the officer to effect service on the defendant."

See also *Napier v Hawthorn Books, Inc,* 449 F Supp 576 (ED Mich, 1978).

Affirmed.