LAUSMAN v BENTON TOWNSHIP

Docket No. 103374. Submitted July 29, 1987, at Grand Rapids. Decided May 23, 1988. Leave to appeal applied for.

On December 1, 1980, Linda K. Lausman resigned from her position as juvenile officer with the Benton Township Police Department. On January 19, 1982, Lausman filed in Berrien Circuit Court an action in which she alleged that her resignation was involuntary and the result of sex discrimination and naming Benton Township, the township police department, the township supervisor, the police chief, the police captain and three police officers as defendants. A copy of the summons and complaint for that action was placed in the hands of an officer for service on January 22, 1982. That action was dismissed for lack of progress on October 3, 1983. On August 14, 1985, Lausman commenced in Berrien Circuit Court a second action against the same defendants again alleging sex discrimination. Defendants moved for summary disposition on the basis of the statute of limitations. The sole question before the trial court was whether the tolling period which ran during the pendency of the prior action ran from the date the action commenced with the filing of the complaint on January 19, 1982, or from the date the summons and complaint was put in the hands of the officer for service, January 22, 1982, since if the tolling period ran from the earlier date the second action was commenced within the statutory period of limitation, while if the tolling period ran from the later date the second action was not commenced within the statutory period. The trial court, Zoe S. Burkholz, J., held that the tolling period ran from the later date and granted defendants' motions for summary disposition. Plaintiff sought a delayed appeal in the Court of Appeals, which was denied. Unpublished order of the Court of Appeals, decided March 25, 1987 (Docket No. 94235). The Supreme Court, in lieu of granting leave to appeal, remanded the matter

REFERENCES

Am Jur 2d, Limitation of Actions §§ 206 *et seq.*

Am Jur 2d, Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations. 27 ALR2d 236.

to the Court of Appeals for consideration as on leave granted. 429 Mich 851 (1987).

The Court of Appeals *held:*

The tolling of the limitation period during the pendency of a prior action involving the same subject matter is statutory in nature and is governed by the statutory mandate. The tolling statute clearly provides that the tolling period commences not with the mere filing of the complaint in the prior action but rather commences when the action has been commenced by the filing of the complaint and either the defendants have been served with the summons and complaint or the summons and complaint has in good faith been put in the hands of an officer for immediate service. Accordingly, plaintiff's present action was not timely brought.

Affirmed.

LIMITATION OF ACTIONS — TOLLING — PRIOR ACTIONS.

A prior action involving the same parties which was dismissed on some ground other than the merits will toll the running of the statutory period of limitation from the date the complaint has been filed and a copy of the summons and complaint are served on the defendant, the date jurisdiction is otherwise acquired over the defendant or the date that the complaint has been filed and a copy of the summons and complaint, in good faith, are placed in the hands of an officer for immediate service; the filing of the complaint is not sufficient to commence the running of the tolling period, rather, the period commences to run only after the complaint has been filed and either service of a copy of the summons and complaint upon the defendant has been made or a copy of the summons and complaint has been placed in good faith in the hands of an officer for immediate service (MCL 600.5856; MSA 27A.5856).

*Pinsky, Smith, Fayette, Soet & Hulswit* (by *H. David Soet*), for plaintiff.

*Burch, Dettman & Banyon* (by *Donald D. Dettman*), and *Butzbaugh & Ryan* (by *John E. Dewane*), for defendants.

Before: WEAVER, P.J., and G. R. MCDONALD and W. R. PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This case comes to us on remand from our Supreme Court pursuant to MCR 7.302(F)(1) for consideration as on leave granted. The sole issue is whether the trial court erred in granting summary disposition under MCR 2.116(C)(7) in favor of defendants based on the statute of limitations. We affirm.

The instant case was the last of three proceedings commenced by plaintiff Linda Lausman based on an allegation that she involuntarily resigned from her position as a juvenile officer with the Benton Township Police Department on December 1, 1980, as a result of sex discrimination. Plaintiff first filed a complaint with the Michigan Civil Rights Commission. On August 14, 1984, the commission granted plaintiff's request to dismiss her complaint against defendant Benton Township so that she could proceed with her sex discrimination claim in the circuit court.

Next, on January 19, 1982, plaintiff commenced a circuit court action by filing a complaint which named as defendants Benton Township, the Benton Township Police Department, Township Supervisor James Benson, Police Chief Paul Farris, Police Captain Jack Drach, and police officers Dave Nelson, Kim Fowler and Richard Davis. On October 3, 1983, that action was dismissed for lack of progress.

On August 14, 1985, plaintiff commenced the instant action in circuit court against the same defendants, alleging sex discrimination under the Michigan Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*

In response to the complaint, defendants Davis and Nelson filed a motion for summary disposition under MCR 2.116(C)(7) on the basis of the statute of limitations. The other defendants followed with a similar motion on September 4, 1985. The record

of the motion hearing, held on May 27, 1986, reveals no material dispute except for the issue of how long the limitation period was tolled as a result of plaintiff's prior circuit court action which had been dismissed for lack of progress. The circuit court resolved the motions based on the parties' briefs and their supporting proofs.

The undisputed facts were that the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8) applied to plaintiff's complaint of August 14, 1985, and that plaintiff's cause of action accrued on December 1, 1980, which was her last date of employment. Since the complaint was filed more than three years after plaintiff's cause of action accrued, it was not disputed that plaintiff's claim was barred unless the limitation period was tolled.

Relying on the tolling statute, MCL 600.5856; MSA 27A.5856, defendants argue that the limitation period was tolled commencing January 22, 1982, the date a copy of plaintiff's complaint was placed in the hands of an officer for service, until October 3, 1983, the date plaintiff's complaint was dismissed. As factual support for their motions, defendants submitted the affidavit of the officer who was given plaintiff's complaint and summons for service. Under defendants' computation, the limitation period expired two days prior to plaintiff's commencing her present action on August 14, 1985.

By contrast, plaintiff contended that the tolling period commenced on January 19, 1982, the date she filed her prior complaint in the circuit court. Thus, under plaintiff's computation, she filed her present action one day before the limitation period expired. Plaintiff argued that the tolling statute, when read with MCR 2.101(B), the court rule establishing the filing of a complaint as the com-

mencement of an action, supported her position. In addition, and as factual support in opposition to defendants' motions, plaintiff submitted evidence of defendants' actual knowledge of her action prior to January 22, 1982.

In granting summary disposition in favor of defendants, the circuit court agreed with defendants' interpretation of the tolling statute. On appeal, plaintiff continues to argue that the tolling period commenced on January 19, 1982. We disagree.

Tolling provisions, like statutes of limitation, are of legislative creation. *Mair v Consumers Power Co,* 419 Mich 74, 85; 348 NW2d 256 (1984). To toll the running of a period of limitation means to show facts removing its bar of the action. *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971). Tolling provisions protect a plaintiff's right to bring an action and prevent a defendant from defeating a claim by absenting himself from the jurisdiction. *Frazier v Castellani,* 130 Mich App 9, 14; 342 NW2d 623 (1983), lv den 419 Mich 935 (1984). By contrast, the statutes of limitation are designed to promote a plaintiff's diligence, to prevent the litigation of stale claims, and to establish a reasonable, but limited, time for bringing an action. *Id.,* p 14. Generally, exceptions to statutes of limitation are strictly construed. *Mair, supra,* p 80.

Here, the tolling statute in question provides:

> The statutes of limitations are tolled when
> (1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
> (2) jurisdiction over the defendant is otherwise acquired, or when,
> (3) the complaint is filed and a copy of the

> summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter. [MCL 600.5856; MSA 27A.5856.]

This provision has been liberally construed by this Court to allow the litigation of apparently valid claims of which defendant had timely notice. *Affiliated Bank of Middleton v American Ins Co,* 77 Mich App 376, 379; 258 NW2d 232 (1977). However, the provision deals only with prior lawsuits which have not adjudicated the merits of the action and does not come into play unless the present action was not commenced within the limitation period. *Buscaino, supra,* pp 481-482.

Plaintiff's contention that her prior action was commenced on the filing of her complaint may be true under MCR 2.101(B), *Buscaino, supra,* p 481, but the date of commencement of the prior action is immaterial. The material fact, as pointed out in *Buscaino,* is the period during which the statute of limitations was tolled, and tolling was not triggered under MCL 600.5856(3); MSA 27A.5856(3), as to a prior suit until "the summons and complaint in good faith, are placed in the hands of an officer for immediate service . . . ." *Sanderfer v Mt Clemens General Hospital,* 105 Mich App 458; 306 NW2d 322 (1981); *Andrews v Allstate Ins Co,* 479 F Supp 481 (ED Mich, 1979).

Accordingly, the trial court did not err in granting summary disposition in favor of defendants under MCR 2.116(C)(7). The tolling period did not commence until plaintiff's complaint and summons were placed in the hands of an officer for immediate service. MCL 600.5856(3); MSA 27A.5856(3).

Affirmed.