DORSEY v KASYONAN

Docket No. 131242. Submitted March 11, 1992, at Detroit. Decided
April 21, 1992, at 9:05 A.M.

Kathleen Dorsey brought an action in the Oakland Circuit Court
against Fadyla Kasyonan on January 5, 1989, alleging negli-
gence relating to a January 27, 1986, automobile accident. The
action was dismissed for lack of service on July 14, 1989. The
plaintiff filed a second complaint on July 26, 1989, and the
defendant was served on October 4, 1989. The court, Richard D.
Kuhn, J., subsequently granted summary disposition for the
defendant, ruling that the action was barred by the three-year
period of limitation, MCL 600.5805(8); MSA 27A.5805(8). The
plaintiff appealed.

The Court of Appeals *held*:

Pursuant to MCL 600.5856; MSA 27A.5856, a period of
limitation is tolled when copies of a summons and complaint
are served on a defendant, when jurisdiction over the defen-
dant is otherwise acquired, or when copies of the summons and
complaint are placed in the hands of an officer for immediate
service. In the third instance, the period is tolled no longer
than ninety days. In this case, the period of limitation was
tolled from January 6, 1989, when the summons and complaint
were given to a process server with twenty-one days remaining
in the period, until April 6, 1989, when the limitation period
again began to run. The period expired twenty-one days later,
on April 27, 1989. The second complaint, which was filed on
July 26, 1989, therefore was not timely.

Affirmed.

*Pianin, Paull, Sugar & Brandon* (by *Michael Pianin*), for the plaintiff.

*Mitchell & Leon* (by *John B. Holiday*) (*Nancy L. Bosh,* of Counsel), for the defendant.

Before: GRIFFIN, P.J., and HOLBROOK, JR., and REILLY, JJ.

Per Curiam. Plaintiff appeals as of right from a circuit court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

Plaintiff and defendant were involved in an automobile accident that occurred on January 27, 1986. Plaintiff filed a negligence action against defendant in the Oakland Circuit Court on January 5, 1989. On January 6, 1989, twenty-one days before the expiration of the limitation period, copies of the summons and complaint were given to a process server for service upon defendant.

Despite the efforts of the process server, defendant was not served before the summons expired on July 6, 1989. Accordingly, an order dismissing plaintiff's action pursuant to MCR 2.102(E) was entered on July 14, 1989.

Plaintiff filed a second action against defendant on July 26, 1989. Defendant was served with a summons and complaint for the second action on October 4, 1989.

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) with regard to plaintiff's second complaint. The trial court found that pursuant to MCL 600.5856(3); MSA 27A.5856(3), the period of limitation was tolled for ninety days from the time that the summons and complaint were given to the process server on January 6, 1989. Therefore, the period of limitation was tolled only until April 6, 1989. The court found that plaintiff's second complaint, which was not filed until July 26, 1989, was therefore barred by the statute of limitations.

It is undisputed that plaintiff's cause of action was subject to the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8). The parties also do not dispute that plaintiff's cause of action accrued on January 27, 1986, and that a copy of

the summons and complaint were given to a process server on January 6, 1989, twenty-one days before the expiration of the three-year limitation period. Both parties also agree that the limitation period was tolled when the process server was given a copy of the summons and complaint, but disagree with respect to the number of days that the limitation period was tolled.

Plaintiff argues that once the summons and complaint were given to the process server, the limitation period was tolled for the life of the summons, which was 182 days pursuant to MCR 2.102(D). She asserts, therefore, that the limitation period was tolled until July 6, 1989, the date when the summons expired under the court rule. Because there were twenty-one days left in the limitation period at the time the process server was given the summons and complaint on January 6, 1989, plaintiff states that she had until twenty-one days after the summons expired to file her second complaint.

Defendant argues that pursuant to MCL 600.5856(3); MSA 27A.5856(3) the period of limitation was tolled for only ninety days after plaintiff gave the complaint and summons to the process server. When service was not made by the end of the day on April 6, 1989, the ninety-day tolling period expired, and the limitation period began to run again. Therefore, according to defendant, the period of limitation applicable to plaintiff's cause of action expired twenty-one days later, on April 27, 1989.

To toll the running of a period of limitation means to show facts removing its bar of the action. *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971); *Lausman v Benton Twp,* 169 Mich App 625, 629; 426 NW2d 729 (1988). The determination whether a prior lawsuit between the parties,

which has been dismissed without an adjudication on the merits, serves to toll the period of limitation is governed by the tolling statute, MCL 600.5856; MSA 27A.5856. *Buscaino, supra* at 482; *Sanderfer v Mt Clemens Gen Hosp,* 105 Mich App 458, 461; 306 NW2d 322 (1981); *Lausman, supra* at 630.

The tolling statute provides:

> The statutes of limitations are tolled when
> (1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
> (2) jurisdiction over the defendant is otherwise acquired, or when,
> (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter. [MCL 600.5856; MSA 27A.5856.]

Under this provision the period of limitation is tolled once the defendant is served or the court otherwise obtains jurisdiction over the defendant or, as occurred in the present case, a copy of the summons and complaint are given to an officer for immediate service. However, in this situation, the officer only has an additional ninety days from the date of delivery to effect service on the defendant. See *Andrews v Allstate Ins Co,* 479 F Supp 481, 485 (ED Mich, 1979).

In the present case, defendant was not served during the ninety-day grace period provided by the statute. Therefore, the limitation period began to run again on April 6, 1989. See *Continental Ins Co v B & B Educator Sales, Inc,* 34 Mich App 499, 503; 192 NW2d 126 (1971). The period of limitation applicable to plaintiff's claim expired twenty-one

days later, on April 27, 1989. Accordingly, plaintiff's second complaint, which was filed on July 26, 1989, was barred by the statute of limitations.

Contrary to plaintiff's assertion, we do not believe that the decision in *Lausman, supra,* requires that we reach a different result. The issue decided by the Court in *Lausman* was the date that the tolling of the period of limitation commenced. The *Lausman* Court was not presented with the situation where a defendant was not served during the ninety-day grace period and the initial suit was dismissed for failure to serve the defendant.

We also reject plaintiff's argument that MCR 2.102(D), which, at the time this case was filed, provided that a summons did not expire for 182 days, is controlling. The period set out in MCR 2.102(D) merely states the time during which a summons is valid. Its provisions do not relate to the tolling of a period of limitation.

On the basis of the foregoing, we conclude that the trial court did not err in finding that plaintiff's cause of action was barred by the statute of limitations.

Affirmed.