Murphy, J.
 

 Plaintiffs appeal as of right from a judgment granting defendants’ motion for summary disposition pursuant to MCR 2.116(C)(7). The trial court dismissed plaintiffs’ legal malpractice action on the ground that it was time-barred by the applicable statute of limitations. We reverse and remand.
 

 I. basic facts and procedural history
 

 Plaintiffs filed a complaint alleging three separate instances of legal malpractice committed by defendants in two circuit court cases and in an appeal to this Court. In the appeal before us now, plaintiffs only challenge the dismissal of the claim related to alleged malpractice arising out of defendants’ representation of plaintiffs in an action in the Washtenaw Circuit
 
 *454
 
 Court, file number 96-6366-CH. There is no dispute that defendants’ representation of plaintiffs in that matter was terminated on June 17, 1997.
 

 Plaintiffs filed the instant complaint on May 4, 1999. However, the complaint was not delivered to an officer for service until July 16, 1999, and the complaint was actually served on defendants on July 30, 1999. There is no dispute regarding the dates concerning the filing of the complaint, the delivery of the complaint to the officer, and the service of the complaint. The narrow issue presented to us, as agreed on by the parties, is whether the statute of limitations barred plaintiffs’ cause of action where the complaint was filed within the two-year limitation period but was not placed with an officer for service, and service was not effectuated, until after the limitation period had expired.
 

 Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that the statute of limitations barred plaintiffs’ action, and the trial court granted the motion pursuant to MCR 2.116(C)(7). The trial court ruled that pursuant to MCL 600.5856, plaintiffs’ failure to deliver the complaint to an officer until after the expiration of the statute of limitations barred the action despite the language in MCR 2.101(B) and the timely filing of the complaint. We disagree because MCL 600.5856 is not applicable under the facts of this case.
 

 H. APPLICABLE LAW
 

 A. MCR 2.116(C)(7) AND STANDARD OP REVIEW
 

 This Court reviews de novo a trial court’s decision on a motion for summary disposition under MCR
 
 *455
 
 2.116(C)(7).
 
 DiPonio Constr Co, Inc v Rosati Masonry Co, Inc,
 
 246 Mich App 43, 46; 631 NW2d 59 (2001). In detennining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court must accept as true a plaintiff’s well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff’s favor.
 
 Brennan v Edward D Jones & Co,
 
 245 Mich App 156, 157; 626 NW2d 917 (2001). Where there are no factual disputes and reasonable minds cannot differ on the legal effect of the facts, the decision regarding whether a plaintiff’s claim is barred by the statute of limitations is a question of law that this Court reviews de novo.
 
 Id.
 

 B. STATUTE OF LIMITATIONS
 

 MCL 600.5805 and MCL 600.5838 require “a plaintiff in a legal malpractice action to file suit within two years of the attorney’s last day of service, or within six months of when the plaintiff discovered, or should have discovered the claim.”
 
 Gebhardt v O'Rourke,
 
 444 Mich 535, 539; 510 NW2d 900 (1994).
 

 C. MCR 2.101(B) AND MCL 600.5856
 

 MCR 2.101(B) provides that “[a] civil action is commenced by filing a complaint with a court.” MCL 600.5856 provides, in relevant part:
 

 The statutes of limitations or repose are tolled:
 

 (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.
 

 (b) At the time jurisdiction over the defendant is otherwise acquired.
 

 
 *456
 
 (c) At the time the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute is not tolled longer than 90 days after the copy of the summons and complaint is received by the officer.
 

 HI. TRIAL COURT’S RULING AND THE PARTIES’ ARGUMENTS ON APPEAL
 

 The trial court specifically found that MCR 2.101(B) and MCL 600.5856 conflict, and that the Legislature considered public policy concerns in enacting MCL 600.5856, rather than the judicial dispatch of litigation; therefore, pursuant to
 
 McDougall v Schanz,
 
 461 Mich 15; 597 NW2d 148 (1999), MCR 2.101(B) must yield to MCL 600.5856. The trial court concluded that because the complaint was not served or placed with an officer for service until after the limitation period expired, plaintiffs’ action was time-barred.
 

 Plaintiffs argue that MCR 2.101(B) and MCL 600.5856 do not conflict and that even if they do conflict, the court rule still prevails. Plaintiffs rely on
 
 Buscaino v Rhodes,
 
 385 Mich 474; 189 NW2d 202 (1971), partially overruled in
 
 McDougall, supra
 
 at 32, in support of their position, and they contend that
 
 McDougall,
 
 on which the trial court relied, should not be applied retroactively.
 

 Defendants argue that MCR 2.101(B) and MCL 600.5856 do conflict, and that § 5856 controls because it was an enactment of substantive rather than procedural law. Defendants further argue that
 
 McDougall
 
 overruled
 
 Buscaino,
 
 that
 
 McDougall
 
 should be applied retroactively, and that plaintiffs waived any argument regarding the retroactive application of
 
 McDougall.
 

 
 *457
 
 Defendants misinterpret, as did the trial court, the
 
 Buscaino
 
 decision, and the effect the
 
 McDougall
 
 decision had on
 
 Buscaino.
 
 We shall now address those cases, along with additional relevant case law.
 

 IV. ANALYSIS
 

 A.
 
 BUSCAINO v RHODES
 

 In
 
 Buscaino, supra
 
 at 477, our Supreme Court addressed a case in which the plaintiffs filed a complaint six days before the expiration of the period of limitation. The plaintiffs gave the summons and complaint to a deputy sheriff for service on the same date the complaint was filed; however, the plaintiffs instructed the deputy to wait to serve the defendants until one of the defendants returned to Michigan.
 
 Id.
 
 Service on the defendants was made approximately two months after the limitation period expired.
 
 Id.
 
 The trial court and this Court ruled that the plaintiffs’ action was time-barred pursuant to MCL 600.5856.
 
 Id.
 

 The
 
 Buscaino
 
 Court first noted its constitutional authority to implement general rules pertaining to practice and procedure in all courts throughout Michigan.
 
 Id.
 
 at 478. The Court further noted that statutes of limitation are considered to be procedural.
 
 Id.
 
 at 480. Our Supreme Court then cited GCR 1963, 101, which provided that “[a] civil action is commenced by filing a complaint with the court.”
 
 Buscaino, supra
 
 at 480. The language is virtually identical to that found in MCR 2.101(B). The Supreme Court stated that GCR 1963, 101 has meaning within the context of the statute of limitations, as well as every other context.
 
 Buscaino, supra
 
 at 481. The Court acknowledged the Legislature’s enactment of MCL 600.5856 and stated
 
 *458
 
 that “we have a
 
 seeming
 
 conflict between the Court Rule and the legislative act. . .
 
 Buscaino, supra
 
 at 480 (emphasis added).
 

 The
 
 Buscaino
 
 Court went on to state that MCL 600.5856 has nothing to do with when an action is commenced, but instead has to do with when the statute of limitations is tolled.
 
 Id.
 
 The Court further stated:
 

 “To toll the statute of limitations means to show facts which remove its bar of the action.” Black’s Law Dictionary (4th ed), p 1658.
 

 Since there can be no question of “removing” the bar of the statute of limitations unless and until, in the absence of tolling[,! the statute would have barred the action, there can be no issue of “tolling” in any case where the action is commenced within the statutory period of limitation.
 

 It is only when the action is not commenced within the statutory period—as determined by consulting the date of the claim, the date of filing the complaint and a calendar— it is only when a
 
 prima facie
 
 bar of the statute appears, that tolling comes into play.
 
 [Buscaino, supra
 
 at 481 (emphasis in original).]
 

 Our Supreme Court, having found that the action was filed within the limitation period and that there was no tolling issue under MCL 600.5856, discussed the purpose of MCL 600.5856.
 
 Buscaino, supra
 
 at 481-484. The Court ruled that MCL 600.5856 “deals only with prior lawsuits between the parties which have not adjudicated the merits of the action.”
 
 Buscaino, supra
 
 at 482. The Supreme Court further explained, quoting the Committee Comment on the statute:
 

 “In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the
 
 *459
 
 defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled.”
 
 [Id.
 
 at 482-483.]
 

 The
 
 Buscaino
 
 Court concluded that it had the authority to enact GCR 1963, 101 and that the court rule controlled the Court’s decision; therefore, the statute of limitations did not bar the plaintiffs’ cause of action.
 
 Buscaino, supra
 
 at 483-484.
 

 We believe that
 
 Buscaino
 
 supports the proposition that where a party, for the first time, files suit against a defendant, the limitation period is measured at the time the complaint was filed pursuant to MCR 2.101(B). We further believe, pursuant to
 
 Buscaino,
 
 that MCL 600.5856 comes into play where a party files suit beyond the limitation period and seeks to toll the time that elapsed during a previously dismissed lawsuit against the same defendant from the date of service, acquisition of jurisdiction, or placement of process with an officer for delivery until a dismissal that is not based on the merits of the action.
 
 [1]
 
 Here, plaintiffs’ complaint was an original filing, and there had been no previous complaint or dismissal involving defendants. Therefore,
 
 Buscaino
 
 directs us to conclude that plaintiffs’ complaint was filed in accordance with MCR 2.101(B) within the statutory period,
 
 *460
 
 thereby precluding summary disposition under MCR 2.116(C)(7). The question becomes whether our Supreme Court’s decision in
 
 McDougall
 
 makes inapplicable the relevant principles found in
 
 Buscaino.
 

 B.
 
 MCDOUGALL v SCHANZ
 

 In
 
 McDougall, supra
 
 at 18, our Supreme Court held that MCL 600.2169, which provides strict requirements for the admission of expert testimony in medical malpractice cases, was an enactment of substantive law; therefore, the statute was a valid exercise of the Legislature’s prerogative to make public policy. The Supreme Court found that MRE 702, concerning expert testimony, conflicted with MCL 600.2169; however, because MCL 600.2169 was an enactment of substantive law, it did not impermissibly infringe the Court’s constitutional rule-making authority over matters of practice and procedure.
 
 McDougall, supra
 
 at 26, 37.
 

 Our Supreme Court, as part of its analysis, stated:
 

 Since
 
 Perin [v Peuler (On Rehearing),
 
 373 Mich 531; 130 NW2d 4 (1964)], this Court, again without any apparent consideration of the meaning of “practice and procedure” as stated in [Const 1963,] art 6, § 5, has reaffirmed
 
 Perin’s
 
 broad statement of our authority over all matters relating to the admission of evidence. See, e.g.,
 
 People v Mitchell,
 
 402 Mich 506; 265 NW2d 163 (1978);
 
 People v Jackson,
 
 391 Mich 323; 217 NW2d 22 (1974);
 
 Buscaino v Rhodes,
 
 385 Mich 474; 189 NW2d 202 (1971).
 
 [McDougall, supra
 
 at 29 (emphasis added).]
 

 The
 
 McDougall
 
 Court further ruled that “[t]o the extent that this Court’s prior decision in
 
 Perin
 
 and its progeny suggest that all statutes affecting the admis
 
 *461
 
 sion of evidence are procedural, they are overruled.”
 
 Id.
 
 at 32.
 

 The
 
 McDougall
 
 decision did not overrule the
 
 Buscaino
 
 Court’s determination that MCL 600.5856 applies to cases where a prior lawsuit was involved between the parties, nor did it overrule the determination that the date of filing a complaint measured the time frame on which to determine whether the statute of limitations barred a claim. The
 
 Buscaino
 
 decision did not involve a conflict between the court rule and MCL 600.5856 because the statute was not applicable. At most,
 
 McDougall
 
 simply overruled the language in
 
 Buscaino
 
 that touched on the
 
 Perin
 
 decision, which the
 
 Buscaino
 
 Court cited in support of its position that, pursuant to the Michigan Constitution, the Legislature must defer to the Michigan Supreme Court on the matter regarding when an action is commenced for purposes of the statute of limitations. Ultimately, however,
 
 Buscaino
 
 was not decided on those grounds because MCL 600.5856 was not in conflict with the court rule or applicable to the case. In
 
 McDougall, supra
 
 at 24, the Supreme Court noted that it is not necessary to determine whether a statute is a legislative attempt to supplant the Court’s authority where there is no inherent conflict with a court rule.
 

 Any question regarding the effect of
 
 McDougall
 
 on
 
 Buscaino,
 
 in regard to the date a court must rely on in general in addressing a statute of limitations defense, was answered by our Supreme Court in
 
 Scarsella v Pollak,
 
 461 Mich 547, 552, n 3; 607 NW2d 711 (2000), wherein the Court stated:
 

 In general, of course, a statute of limitations requires only that a complaint be filed within the limitation period.
 
 Bus- .
 
 
 *462
 

 caino v Rhodes,
 
 385 Mich 474, 481; 189 NW2d 202 (1971), partially overruled on other grounds,
 
 McDougall v Schanz,
 
 461 Mich 15; 597 NW2d 148 (1999).
 

 Here, plaintiffs’ complaint was filed within the two-year limitation period.
 

 V. CONCLUSION
 

 Because plaintiffs’ action was never dismissed and refiled, MCL 600.5856 has no application to this case, in that there is no “tolling” issue. Accordingly, we hold that plaintiffs complied with the limitation period by filing their complaint pursuant to MCR 2.101(B) within two years of the termination of the attorney-client relationship and the fact of subsequent placement of process with an officer and service of the complaint after the limitation period can in no way result in the action being time-barred.
 

 Reversed and remanded for proceedings consistent ■with this opinion. We do not retain jurisdiction.
 

 [1]
 

 In
 
 Lausman v Benton Twp,
 
 169 Mich App 625, 630; 426 NW2d 729 (1988), this Court, addressing MCL 600.5856 and citing
 
 Buscaino,
 
 stated that “the provision deals only with prior lawsuits which have not adjudicated the merits of the action and does not come into play unless the present action was not commenced within the limitation period.” We note that where tolling is premised on placement of a complaint with an officer, tolling could end before a dismissal without prejudice because the tolling period is limited to ninety days in that circumstance. MCL 600.5856(c).