# STATE OF MICHIGAN

# COURT OF APPEALS

DANA CLARK,

       Plaintiff-Appellant,

UNPUBLISHED
February 16, 2016

v

JENNIFER FEINMAN,

       Defendant-Appellee,

and

JEFF FREIBURGER,

       Defendant.

No. 324258
St. Joseph Circuit Court
LC No. 14-000106-CZ

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Plaintiff Dana Clark appeals as of right the trial court's grant of defendant Jennifer Feinman's[1] motion for summary disposition in this race discrimination action. For the reasons set forth in this opinion, we affirm.

Plaintiff, a former employee of IAC Mendon, LLC, (IAC Mendon) brought a race discrimination claim against defendant, IAC Mendon's human resource specialist who made the decision to terminate plaintiff's employment following an altercation between plaintiff and one of his coworkers. When plaintiff applied for employment with IAC Mendon he signed an employment application that contained the following provision:

> I further agree not to bring any action or suit relating directly or indirectly to employment with IAC, or termination of such employment, more than 6 months after the date of termination of such employment and I waive any statutes of limitations to the contrary.

---

[1] The parties stipulated to dismiss defendant Jeff Freiburger with prejudice. Therefore, we will refer to Jennifer Feinman as "defendant."

-1-

Plaintiff was terminated on November 29, 2011, and he filed this action on February 12, 2014. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7), on the ground that the action was time barred by the contractual limitations provision. Plaintiff argues that defendant cannot enforce the provision because the contractual limitations provision only protects "IAC" and defendant was not a third-party beneficiary of the contract.[2] We disagree.

This Court reviews a trial court's grant of summary disposition de novo. *Terrace Land Dev Corp v Seeligson & Jordan*, 250 Mich App 452, 455; 647 NW2d 524 (2002). "The proper interpretation of a contract is a matter of law that this Court reviews de novo." *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 141; 706 NW2d 471 (2005).

The words in a contract must be given "their plain and ordinary meanings." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527; 791 NW2d 724 (2010). "[A] word or phrase is given meaning by its context or setting." *Bloomfield Estates Improvement Ass'n, Inc v City of Birmingham*, 479 Mich 206, 215; 737 NW2d 670 (2007) (citation and quotation omitted). We can refer to the dictionary definitions of terms to ascertain their plain and ordinary meaning. *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 294; 778 NW2d 275 (2009). "[A]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy," or is unenforceable under traditional contract defenses, such as duress, waiver, estoppel, fraud, or unconscionability. *Rory v Continental Ins Co*, 473 Mich 457, 470, 470 n 23; 703 NW2d 23 (2005). "A contract is ambiguous when two provisions 'irreconcilably conflict with each other,'" or "'when [a term] is equally susceptible to more than a single meaning.'" *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539, 543 (2007) (citation omitted).

Third-party beneficiaries can step into the shoes of a promisee and enforce the contract, so long as the third-party beneficiary was intended. *Koenig v South Haven*, 460 Mich 667, 680; 597 NW2d 99 (1999). We look to the contract itself to determine whether a party was an intended third-party beneficiary. *Schmalfeldt v N Pointe Ins Co*, 469 Mich 422, 428; 670 NW2d 651 (2003). "[A] third-party beneficiary may be one of a class of persons, if the class is sufficiently described or designated." *Koenig*, 460 Mich at 680.

It is readily apparent from the context of the provision that the use of the phrase "with IAC" in the contractual language modifies "employment" and not the words "action or suit." "It is a general rule of grammar . . . that a modifying word of clause is confined solely to the last antecedent, unless it is clear that something different was intended." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999); see also *Bloomfield Estates*, 479 Mich at 215 ("[A] word or phrase is given meaning by its context or setting.") The word "any" means "every; all." *Random House Webster's College Dictionary* (2000). Thus, the word "any," which modifies "action or suit" refers to all actions. And, the later language limits the action or suit to

---

[2] Defendant also raises agency and collateral estoppel challenges to plaintiff's claim on appeal. Because we determine that defendant was a third-party beneficiary, we find it unnecessary to address the merits of defendant's alternate claims.

those relating "to employment with IAC, or termination of such employment," and the provision, therefore, limits the parties to only those that were involved in plaintiff's employment or termination. From the "form and meaning of the contract," *Schmalfeldt*, 469 Mich at 428, we find that a class was created and sufficiently described as those against whom plaintiff may bring suit for employment or termination disputes, *Koenig*, 460 Mich at 680. Plaintiff, when he signed the provision, was given notice that any action that was related to his employment or termination regardless of whether it was against IAC Mendon, IAC Mendon's parent corporation, or individual employees involved in employment and termination decisions, must be brought within six months of his termination. Therefore, defendant was a third-party beneficiary, and as a third-party beneficiary, she could step into the shoes of IAC Mendon to enforce the contractual provision. *Id*.

The provision at issue imposes a time limit on all causes of action "relating directly or indirectly to employment with IAC." We concur with the findings of the trial court that contrary to plaintiff's arguments on appeal, this language is not limited to causes of action against IAC. His arguments that the time limit does not apply to the defendant in this case are unavailing. Hence, plaintiff had 6 months from his date of termination in which to bring this action. Having failed to do so, his action is barred by the limitations contained within the employment agreement. Lastly, because the contractual limitations provision is unambiguous in that it bars plaintiff's action against defendant, we enforce it as written. *Rory*, 473 Mich at 470. Accordingly, we find the trial court did not err in granting defendant's motion for summary disposition under MCR 2.116(C)(7).

Affirmed. Defendant being the prevailing party may tax costs. MCR 7.219(A).

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello