# STATE OF MICHIGAN

# COURT OF APPEALS

TASHLYN HARRIS,

        Plaintiff-Appellant,

v

JEREL N. OWENS, D.M.D., and JEREL N.
OWENS, D.M.D., PC,

        Defendants-Appellees,

UNPUBLISHED
September 15, 2016

No. 327186
Wayne Circuit Court
LC No. 14-002349-NH

Before: GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff, Tashlyn Harris, appeals as of right the trial court's grant of summary disposition under MCR 2.116(C)(7) (statute of limitations) in favor of defendants, Jerel N. Owens, D.M.D., and Jerel N. Owens, D.M.D., PC. We affirm.

Plaintiff was referred to Dr. Owens for the removal of her wisdom teeth. During the procedure on March 5, 2011, an instrument broke, leaving a small piece of metal in plaintiff's upper, right jaw. Dr. Owens believed that the broken instrument piece was "gone" after he suctioned plaintiff's mouth and rinsed it with fluid. Dr. Owens did not x-ray plaintiff's mouth after the surgery. Plaintiff admitted that she was aware that an instrument broke during the procedure because Dr. Owens informed her of this fact. Less than a week after the surgery, plaintiff was experiencing pain and sensitivity in her mouth, particularly where Dr. Owens removed her upper, right tooth. During a follow-up appointment, plaintiff told Dr. Owens about the pain and sensitivity, and he instructed her to use a special mouthwash and rinse with salt water to alleviate the symptoms. Plaintiff testified that shortly after the surgery, she also began experiencing migraines, which she never had before 2011, as well as pressure in her right cheek area, tenderness, sensitivity to hot and cold drinks or food, and earaches. Plaintiff stated that she suffered from "pain [she couldn't] describe" and had "temporary blindness." However, she never informed Dr. Owens of these other symptoms, and she did not seek treatment for these conditions except one hospital visit for a migraine.

On March 30, 2012, plaintiff went to a dentist's office and was seen by a hygienist for a normal cleaning. An x-ray was taken at the appointment that did not reveal the embedded instrument piece. In August 2013, plaintiff went to a different dentist, Dr. Sophia Masters, for a cleaning. Dr. Masters discovered that the instrument piece was lodged in the upper, right side of

-1-

plaintiff's jaw from an x-ray image. Plaintiff had to have the instrument piece surgically removed. On September 12, 2013, plaintiff served defendants with notice of intent to file a claim. On February 24, 2014, she filed the instant malpractice action. Thereafter, defendants moved for summary disposition under MCR 2.116(C)(7), which the trial court granted.

Plaintiff argues that the trial court erred by granting defendants' motion for summary disposition because the six-month discovery rule of MCL 600.5838a(2) applied to her claim and there was a question of fact regarding whether she should have discovered the existence of her claim before August 2013. We review de novo a trial court's decision on a motion for summary disposition. *Terrace Land Dev Corp v Seeligson & Jordan*, 250 Mich App 452, 455; 647 NW2d 524 (2002). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013).

The limitations period applicable to a medical malpractice claim is either two years from the accrual date, *Kincaid*, 300 Mich App at 523, citing MCL 600.5805(6), or "within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later," MCL 600.5838a(2). A claim cannot be brought more than six years after the accrual date. MCL 600.5838a(2). Plaintiff does not contest that she brought her claim outside of the two-year limitations period, but rather argues that the six-month discovery rule applies to her claim.

When alleging that the six-month discovery rule applies to a medical malpractice claim, "[t]he burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition, or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim is on the plaintiff." MCL 600.5838a(2). "The six-month discovery rule period begins to run in medical malpractice cases when the plaintiff, on the basis of objective facts, is aware of a possible cause of action. This occurs when the plaintiff is aware of an injury and a possible causal link between the injury and an act or omission of the physician." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 232; 561 NW2d 843 (1997). An objective standard turns on what a reasonable, ordinary person would know under the circumstances. *Jendrusina v Mishra*, ___ Mich App ___, ____; ___ NW2d ___ (2016) (Docket No. 325133); slip op at 5. "Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue his claim." *Solowy*, 454 Mich at 223. In other words, the six-month discovery period begins to run when a plaintiff becomes aware or should have become aware of an injury and its possible cause on the basis of objective facts. *Id.* at 222-223. However, a plaintiff is not required to "be aware of the full extent of her injury before the clock begins to run." *Id.* at 224. Indeed, "the discovery rule does not act to hold a matter in abeyance indefinitely while a plaintiff seeks professional assistance to determine the existence of a claim." *Turner v Mercy Hosps & Health Servs of Detroit*, 210 Mich App 345, 353; 533 NW2d 365 (1995).

In this case, there is no material factual dispute that plaintiff "should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim," or March 5, 2013, two years after the accrual date. MCL 600.5838a(2). Plaintiff does not contest that she was aware that an instrument broke during the surgery and that she experienced symptoms of physical discomfort after the procedure that she did not experience before it. Plaintiff testified that she was aware that her condition changed for the worse "shortly

after" the extraction, which should have indicated to her that something was wrong and that Dr. Owens's treatment was a possible cause. See *Solowy*, 454 Mich at 232. Thus, plaintiff was "equipped with the necessary knowledge to preserve and diligently pursue [her] claim," shortly after the surgery, *id.* at 223, yet she did not do so until she filed the notice of intent on September 12, 2013, and the complaint on February 24, 2014. Plaintiff should have recognized the possible causal link between her injury and Dr. Owens's treatment at least six months before the filing of the notice of intent and even six months before the expiration of the two-year limitations period. MCL 600.5838a(2). Therefore, plaintiff did not timely file the action, and summary disposition under MCR 2.116(C)(7) was appropriate.[1]

Affirmed.

/s/Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

[1] Although plaintiff mentions fraudulent concealment on two occasions in her brief, she in no way argues that any fraudulent concealment by Dr. Owens extended the time period she had to file her claim, and she provides no citation to authority for such an argument. Accordingly, to the extent plaintiff asserts an argument of fraudulent concealment, we consider the issue abandoned on appeal. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

-3-